Bette J. **SCHMIEMEIER**, Appellant,

v.

John A. **SCHMIEMEIER**, Respondent.

No. 42765.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 1981.

Henry J. Fredericks, Friedman, Fredericks & Radloff, Stuart J. Radloff, Clayton, for appellant.

Irving L. Cooper, Cupples, Cooper & Haller, Inc., Clayton, for respondent.

REINHARD, Judge.

This case consolidates two appeals: the wife appeals from various portions of a dissolution decree and the husband from orders providing allowances to the wife pending appeal. Both the decree and the motion pendente lite are affirmed.

The marriage was of some 25 years duration. Two children were born of the marriage but were emancipated at the time of the decree. After emancipation, the hus-

band continued to pay the expenses of the younger son's education. Husband is a pharmacist and the parties own a drugstore along with considerable other property, real and personal. Wife is a recent recipient of a bachelor's degree and was due to receive a master's degree within six months of the divorce decree.

After extensive legal proceedings, wherein both parties presented some evidence of misconduct and valued their property with considerable disparity, the court made extensive findings of fact and conclusions of law which were attached to the decree. The decree divided the property in approximately equal shares, granted the wife $5,000 in lump sum maintenance, and denied wife's request for attorney's fees. Wife filed her appeal to the dissolution decree and also filed a motion pendente lite. After a hearing, the court awarded wife $90 per week in temporary maintenance, attorney's fees on account in the amount of $1,500, and suit money in the amount of $500. Husband filed his appeal from that order.

 On appeal, wife contends the court erred in allocating the property, in awarding maintenance in a lump sum amount of $5,000, and in failing to allow her attorney's fees. Husband's appeal challenges the awards granted wife pending appeal.

A review of the record leads us to conclude that the court's orders are supported by substantial evidence and are not against the weight of the evidence. Neither do they erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).[1] An extended opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

1. We note that wife alleges the trial court's findings are insufficient as to various property. A review of those specific complaints reveals no error requiring a remand.