STATE of Missouri, ex rel. Marion L. THOMAS, Relator,

v.

The Hon. James H. KELLY, Judge, Circuit Court of St. Francois County, Missouri, Division No. IV, Respondent.

No. 45044.

Missouri Court of Appeals, Eastern District, Division Two.

March 16, 1982.

Gillihan & Reeves, William G. Reeves, Farmington, for relator.

McIlrath & Maynard, David E. Woods, Flat River, for respondent.

SIMON, Judge.

This matter is before us following our issuance of a preliminary writ of prohibition, which we now quash.

The record shows that Marion Thomas and Alice Thomas were husband and wife until their marriage was dissolved by respondent's judgment of September 25, 1981 (nevertheless, we will continue to refer to them as husband and wife). In that judgment, the husband was awarded the larger share of the marital property, including the residence, since his contribution was greater and the marriage was of short duration. A portion of the marital property was set aside for the wife, however, including a car, some furniture and household appliances and the sum of $30,000. Respondent also decreed that the wife was not entitled to maintenance from the husband since he found she should be able to support herself through employment and would have her share of the marital property, including the $30,000.

In pertinent part, respondent's findings and judgment were:

5. The Court finds that Respondent is not entitled to maintenance. The Court finds that neither is she unable to support herself through appropriate employment—she has 20 years experience in the nursing and medical insurance field and her mental problems are not of such a nature to prevent her from holding employment—nor is she lacking of any other property as she will receive a portion of the marital property. The Court notes Respondent's statement that she desires to attend cosmetology school for six months so as to be qualified to find employment in that field.

6. Respondent has requested that Petitioner be ordered to pay her reasonable attorney's fees. Having considered all relevant factors including the parties' financial resources, the parties' contribution to the acquisition of the marital property, the lack of any greater fault or misconduct on Petitioner's part as opposed to Respondent's, and the award of a substantial sum of cash to Respondent as her share of marital property, the Court finds that Respondent's request for attorney's fees from Petitioner should be denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the marriage between Marion L. Thomas and Alice L. Thomas be and is hereby dissolved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the marital property of the parties shall be divided as follows:

The Petitioner shall receive the residence and real estate located at 318 Laura in Farmington, Missouri, an Airstream trailer, a 1950 Chevrolet automobile; a 1978 El Camino automobile; a checking account at Mercantile Bank of Farmington listed in Petitioner's name; all furniture and household furnishings located in the residence above listed except those items specifically awarded to Respondent; a Certificate of Deposit at Mercantile Bank of Farmington in the principal sum of $10,000.00 plus accrued interest; the remaining principal amount and all accrued interest in a Certificate of Deposit at Mercantile Bank of Farmington in the sum of $37,000.00 after Respondent's share of said certificate in the sum of $30,000.00 is removed.

Respondent shall receive a 1978 Buick Skylark automobile, a bedroom set consisting of brass bed and mattress, chest and dresser; a china cabinet; coffee table; couch and lamp table, a rocker; and color TV; the sum of $30,000.00 to be taken from a certificate of deposit at Mercantile Bank of Farmington, which certificate has a principal sum of $37,-000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither party shall be awarded maintenance, and that Respondent's request for attorney's fees and deposition costs be denied.

On November 3, 1981, the husband filed a notice of appeal from respondent's judgment, challenging the award of $30,000 marital property to the wife. He posted a supersedeas bond so that he was not required to pay $30,000 to the wife, pending the appeal. The wife had already surrendered the marital residence to the husband pursuant to the decree. On November 4, 1981 the wife filed a motion in respondent's court requesting an allowance for attorney's fees and costs on appeal and a "reinstatement" of maintenance. The wife had received temporary maintenance of $125 per week pending the dissolution of the marriage. The matter of the attorney's fees and costs was postponed by stipulation of the parties and respondent heard the motion for reinstatement of maintenance on November 9, 1981. The wife presented evidence to show her financial situation was grim and she required an allowance for her support. The husband argued that respondent did not have jurisdiction to order maintenance pending appeal. Respondent indicated his intention to order the husband to pay the wife a weekly allowance of maintenance pending appeal, with the understanding that husband could offset such maintenance payments against the $30,000 awarded the wife if that property division were affirmed on appeal; but respondent delayed entering his order, allowing husband to seek a writ of prohibition. The husband filed his petition with this court on

November 12, 1981 and in due course we issued our preliminary writ. On the same day, November 12, 1981, the wife filed her notice of appeal from the judgment of September 25, 1981 contending respondent erred in not awarding her maintenance.

■ Initially, we note that the respondent does not have jurisdiction to modify or amend his judgment of September 25, 1981 in response to the wife's motion filed on November 4, 1981 seeking maintenance on appeal. Rule 75.01. Section 452.370.1 RSMo. (1978) does allow modification of maintenance by modifying the decree granting maintenance but maintenance may only be modified as to installments accruing subsequent to the motion to modify and upon a proper showing of changed circumstances. There must have been, however, an award of maintenance in the initial decree, or at least a clear expression that the court retained jurisdiction in a case where the facts would permit such a retention, before the decree can be modified. *Givens v. Givens*, 599 S.W.2d 204 (Mo.App. 1980). Here there was no maintenance and no retention of jurisdiction in the judgment. The temporary maintenance pendente lite which the wife received was pursuant to the authority of an order which ceased to exist when the judgment was entered. *Creasey v. Creasey*, 175 Mo.App. 237, 157 S.W. 862, 863 (1913).

Alimony or maintenance pending appeal does not involve a modification of the decree. It is treated as a separate matter raised in an independent proceeding in the circuit court, not the court of appeals. Section 452.070 (1969)[1] authorized alimony

---

1. Section 452.070. *Alimony and maintenance.* —When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable, and when the wife is plaintiff, may order the defendant to give security for such alimony and maintenance; and upon his neglect to give the security required of him, or upon default of himself and his sureties, if any there be, to pay or provide such alimony and maintenance, may award an execution for the collection thereof, or enforce the performance of the judgment or order by sequestration of property, or by such other lawful ways and means as is according to the practice of the court. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases.

pending the suit for divorce. A suit for divorce was deemed pending within the meaning of the statute even though an appeal had been taken from the trial court's judgment. Therefore, pursuant to § 452.-070 (1969), alimony was granted to the wife upon her showing that she was in need of funds for her sustenance and to present her case on appeal. *State ex rel. Kranke v. Calhoun*, 232 S.W. 1038 (Mo.banc 1921); *State ex rel. Clarkson v. The St. Louis Court of Appeals*, 88 Mo. 135 (1885); *Noll v. Noll*, 286 S.W.2d 58, 61–62 (Mo.App.1956). The issue here is whether the circuit court, after the repeal of § 452.070 (1969), has jurisdiction to order maintenance pending appeal.

Section 452.070 (1969) and other sections concerned with domestic relations were expressly repealed effective January 1, 1974 and replaced with the current Dissolution of Marriage Act, § 452.300 et seq. RSMo. (1978).[2] It is presumed that the legislature was aware of the long-settled judicial interpretation of § 452.070 (1969) regarding alimony pending appeal when the new statutes were enacted. See *Snow v. Hicks Bros. Chevrolet, Inc.*, 480 S.W.2d 97, 103 (Mo.App.1972). Like § 452.070 (1969), the literal language of the new Dissolution of Marriage Act does not specifically identify nor provide for "maintenance pending appeal," nor does it specifically prohibit it. Thus, an ambiguity exists.

When an ambiguity arises, we shall consider the legislative history, and where an established policy is disclosed by a general course of legislation, we will construe the statute in harmony with prior acts to give effect to the apparent intent of the legislature. See *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo.banc 1979).

We are construing a new act not an amendment to the old law. The new act was intended to supersede the old law, repealing all conflicting or inconsistent provisions. Thus, any variation in language in the new law from that of the old law is not as meaningful in showing a change in legislative intent as it would be if the variation in language were in the form of an amendment. A specific change of language by amendment necessarily indicates a deliberate change in legislative intent. The change in language in an entirely new act does not as clearly indicate a change in legislative intent. Naturally, the intent is best gleaned from the new statutory scheme. However, the old law can be an important tool in determining a definite and continuing legislative policy regarding maintenance pending appeal. *State ex rel. Hay v. Nolte*, 235 Mo.App. 572, 141 S.W.2d 152, 154 (1940).

"Alimony", as used in § 452.070 (1969) included spousal maintenance, suit money and attorney's fees. *Brucker v. Brucker*, 607 S.W.2d 444 (Mo.App.1980). Those components of "alimony" are treated individually in separate sections of the new Dissolution of Marriage Act. Section 452.355 provides for attorney's fees and costs, and different from the old act, these costs and fees may be paid directly to the attorney, who may enforce the order in his name. Furthermore, costs and attorney's fees can be awarded pending an appeal from the decree of dissolution in the same manner as under § 452.070 (1969). *Brucker, supra.*

A "proceeding for dissolution of marriage", under the new act, is a single proceeding or action which does not end until all matters are finally adjudicated even though an appeal is not taken from that portion of the judgment which dissolves the marriage. See *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980); *In re Marriage of Wineland*, 609 S.W.2d 464 (Mo.App.1980). The court may grant maintenance to either spouse "in a proceeding for dissolution of marriage" or legal separation, § 452.335. Section 452.315 is the authority for temporary maintenance which can be granted in response to a motion by either party. Such a motion for

---

Hereinafter we refer to this statute as simply § 452.070 (1969).

2. H.B.315, Laws of Missouri 1973, pp. 470–479. All subsequent statutory references shall be to RSMo. (1978), except 452.070 (1969).

temporary maintenance commences an independent proceeding which results in an appealable order, the same as a motion for alimony pendente lite under § 452.070 (1969). *Nilges v. Nilges*, 610 S.W.2d 58, 61–62 (Mo.App.1980).

■ The legislative grant of authority in § 452.315 [3] to allow temporary maintenance in a "proceeding for dissolution of marriage", should be given the same scope of meaning as § 452.070 (1969), i.e., to award "alimony pending the suit for divorce in all cases where the same would be just." There is no indication that the legislature intended otherwise. Obviously, respondent, in the instant case, intended the $30,000 award of marital property to sustain the wife while she prepared for and secured gainful employment, and specifically stated this as one of the reasons the wife's request for maintenance was denied. The husband's appeal and the posting of a supersedeas bond denied her the immediate use of this property. Therefore, while that appeal is pending, the wife may be able to show a need for maintenance which was not present at the time judgment was entered. We conclude that the respondent has jurisdiction to entertain such a motion and award temporary maintenance pending appeal in such amounts and on such terms as are just and proper in the circumstances as authorized by § 452.315. To rule otherwise, would frustrate the intent of the legislature as gleaned from Chapter 452.

Our interpretation of respondent's authority under the statute is consistent with the broad power to adjust the financial equities between parties said to be vested in the trial court presiding over the dissolution of a marriage. See *McCully v. McCully*, 550 S.W.2d 911, 914 (Mo.App.1977). It is also consistent with recent decisions of this court wherein the question of maintenance on appeal has been raised. In *Schmiemeier v. Schmeimeier*, 613 S.W.2d 715 (Mo.App. 1981), an award of maintenance pending appeal was contested by the husband. This court affirmed that award without discussion. Subsequently, in *Yeager v. Yeager*, 622 S.W.2d 339 (Mo.App.1981) this court reversed an award of maintenance pending appeal, noting that such an award was not authorized in the circumstances then before the court. *Id.* at 343. Those circumstances were that the trial court awarded the wife an income-producing farm as her share of the marital property and therefore ruled she did not require maintenance; and although husband had not made his share of the mortgage payments (thus sparking considerable litigation) the wife at all times retained the farm. The holding in *Yeager* with respect to maintenance pending appeal, viewed with those facts in mind, is not contrary to our conclusion that respondent has jurisdiction to award maintenance pending appeal upon a proper showing that, among other things, the moving spouse lacks sufficient property to provide for her needs.

■ The purpose of a writ of prohibition is to prevent an inferior court from assuming jurisdiction it does not possess. *State ex rel. Devanssay v. McGuire*, 622 S.W.2d 323, 325 (Mo.App.1981). We have

---

**3.** Section 452.315, in pertinent part, provides:

*Authorized motions—restraining order, when, answer, when due, effect of.—*

1. In a proceeding for dissolution of marriage or legal separation, either party may move for temporary maintenance and for temporary support for children entitled to support. The motion shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested. In a proceeding for disposition of property, maintenance, or support following the dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, either party may move for maintenance and for support of children of the marriage entitled to support. This motion shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested. This motion and the affidavit shall be served as though an original pleading upon the opposite party.

\* \* \* \* \* \*

4. An answer may be filed within ten days after service of notice of motion or at the time specified in the restraining order.

5. On the basis of the showing made and in conformity with Section 452.335 on maintenance and Section 452.340 on support, the court may issue... an order for temporary maintenance or support in such amounts and on such terms as are just and proper in the circumstances.

concluded respondent does have jurisdiction to hear and determine the wife's motion for maintenance pending appeal, and the propriety of an order resulting from such proceeding can be tested by appeal.

Therefore, we quash our preliminary writ.

SATZ, P. J., and PUDLOWSKI, J., concur.