Joseph P. SANFILIPPO, Appellant,

v.

Billie F. SANFILIPPO, Respondent.

No. 44229.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1982.

Motion for Rehearing and/or Transfer Denied June 18, 1982.

Application to Transfer Denied Sept. 13, 1982.

78

Ellsworth W. Ginsberg, Clayton, for appellant.

Daniel P. Reardon, Jr., St. Louis, for respondent.

REINHARD, Presiding Judge.

Husband appeals the child custody provisions of a dissolution decree. The court awarded primary custody of the parties' two year old son to wife. Husband complains of the admission of the reports of a juvenile officer and the child's guardian ad litem, and contends that without those reports the evidence is insufficient to support the award of permanent custody to wife.

Both parties presented evidence of present living conditions and arrangements that would be made for custody of the child. Husband, who was 20 years of age when married and 24 at the time of the hearing, was employed at his father's produce store in South St. Louis. He lived with his parents at their home. Also living in the same three-bedroom house were husband's 16 year old sister, and the two children (ages 8 and 9) of his deceased brother, of whom custody had been granted to husband's mother. If custody were granted to husband, the child would be cared for during the day by husband's mother, with aid from husband's sister.

Wife had separate quarters in the home of her sister and brother-in-law. Wife worked as a waitress, and testified that while she was working the child would be cared for by her niece, who also lived in the home.

Husband's witnesses presented considerable evidence of what they considered misconduct on the part of wife, such as drug use and affairs with other men. Most of this was denied by wife; she admitted an illicit sexual encounter which occurred after the marriage but before the child's birth. Wife made various accusations against husband, for example, that he uses and sells drugs, and chased her with a gun; all this is, of course, denied by husband.

The court ordered, under § 452.390 RSMo. 1978, that a juvenile officer conduct an investigation and make a written report. Over objection of husband, that report was admitted into evidence only to be considered "as it corroborates other evidence in the case." Also over objection, the juvenile officer was allowed to testify that, in her opinion, wife should have custody of the child.

After the hearing was concluded, the court, on its own motion, appointed a guardian ad litem for the child, under § 452.490(4) RSMo. 1981 Supp., and reopened the case. At a later date the guardian appeared in court, as did attorneys for the parties, and, without being sworn as a witness, made an oral report to the court. The substance of this report was that he had made an investigation, interviewed witnesses, visited the homes, and found both parents to be fit parents; the guardian then recommended that wife be awarded primary custody and husband be allowed liberal visitation rights. Husband's attorney objected to the report of the guardian as being incompetent, irrelevant and hearsay; the objection was overruled.

The court then granted the dissolution, and awarded primary custody of the child to wife, temporary custody (alternate weekends and alternate holidays) to husband. The court allowed the guardian ad litem a fee of $500.00 to be charged as costs in the case and apportioned the costs ½ to each party.

Husband first contends the court erred in admitting into evidence the report of the juvenile officer ordered under § 452.-390. We have said before that such reports can only be admitted into evidence to the extent that "the contents or portions thereof, are otherwise admissible under the rules of evidence." *In re Marriage of Cavitt,* 564 S.W.2d 53, 56 (Mo.App.1978); *see also J. A. A. v. A. D. A.,* 581 S.W.2d 889, 895 (Mo.App. 1979). The written report was almost entirely hearsay, and also included the opinions of the juvenile officer. Its admission into evidence was error.

The same is true with respect to the testimony of the juvenile officer; the hearsay portions of her testimony were inadmissible and her conclusion as to which parent should be awarded custody invaded the province of the court.

Husband also complains of the oral report of the guardian ad litem. Section 452.490.4 RSMo.Supp. 1981 allows the court to appoint a guardian ad litem, who may, with respect to a determination of custody, "participate in the proceedings as if he were a party."[1] A guardian appointed under this statute may be allowed, if the court believes it is in the best interest of the child, to call and cross examine witnesses, make arguments to the court based on the admissible evidence adduced at trial, and even to take the stand and testify, *see Niederkorn v. Niederkorn,* 616 S.W.2d 529, 535 n.1 (Mo.App.1981).

In this case, however, the guardian was allowed to make an oral report, replete with hearsay and opinions which would have been inadmissible as evidence, not as a witness, and based not on the evidence but upon his independent investigation. In allowing this report into evidence the court erred.

This does not end our inquiry, for in a court-tried case, erroneous admission of evidence only requires reversal where there is an absence of other sufficient competent evidence to support the decree. *In re Adoption of S.,* 581 S.W.2d 113, 118 (Mo. App.1979); *In re Marriage of Cavitt,* 564 S.W.2d 53, 57 (Mo.App.1978). There was sufficient evidence before the court of the proposed living arrangements made by both parties, as well as evidence of the affection felt by the parties and, in general, their fitness as parents. We therefore conclude the decree is supported by substantial evidence apart from the erroneously admitted reports.

Husband also complains that the fee allowed the guardian was unreasonable. Section 452.490.4 provides that the court may allow the guardian a reasonable fee to be taxed as costs. Husband contends that the fee is unreasonable because the guardian "merely replicated the unsatisfactory work of the deputy juvenile officer." Whatever husband means by this, the contention has no merit. The reasonableness of the fee must be tested by the time and effort which the guardian expended, not by whether husband is satisfied with the result. We believe the fee was reasonable.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.

---

1. If the court is to make use of § 452.490.4, then the appointment should be made at the earliest possible time. The appointment is, nevertheless, not mandatory and does not affect the jurisdiction of the court; therefore the fact that the appointment was not made prior to the hearing does not render it defective.