**Michael NUNN, Respondent,**

v.

**Claudius NUNN, Appellant.**

**Nos. 42207, 42669.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Keith W. Hazelwood, Hazelwood, Barklage & Barklage, P.C., St. Charles, for appellant.

Margaret Fox, Clayton, Ellen Watkins, Jack R. Itzkowitz, St. Louis, for respondent.

REINHARD, Judge.

This case involves consolidated appeals by the wife from the post-trial rulings of the court in a dissolution action and from the temporary maintenance and child support awards ordered pending appeal. We affirm.

Husband worked as a service station manager for Clark Oil Company. Wife worked as a nurse for the Veterans Administration. On July 20, 1979, after a hearing, the trial court dissolved the parties' marriage of ten years and awarded custody of the three minor children to wife with temporary custody to the husband. Maintenance was awarded to the wife in the sum of $17.00 per month and child support in the amount of $40.00 per month for each of the three children.

The principal marital asset, the home, which was heavily encumbered, was set aside to the wife; the household goods were also set off to the wife, along with other personal property. Various items of personal property were set off to the husband. Husband was ordered to pay attorney's fees, court costs, and a $200.00 guardian ad litem fee.

Wife makes no attack on the maintenance, child support, or property disposition provisions of the decree. Instead, in her points relied on, she only challenges the court's ruling on post-trial motions. In her motion to amend the decree, wife alleged

that the child support award should be increased because:

> The Court apparently made its calculations based on the petitioner's date-of-trial work situation, and did not take into account the petitioner's demonstrated earning capacity. Though petitioner was, on July 16, 1979, reduced in the number of hours per week that he worked, there is every reason to believe that the gas shortage will alleviate itself and that the petitioner would be able to work full 40-hour weeks in the reasonably near future.

■■■ At the hearing on the motion to amend, wife requested the court to reopen the evidence and receive the employer's records of husband's wages since the date of the original decree. The trial court sustained husband's objection to introduction of the evidence. Wife thereupon made an offer of proof as to husband's earnings since the date of the trial. In her first point on appeal, wife contends the trial court erred in refusing to receive the evidence of husband's earnings since the date of the trial and increase the child support award. We find no merit to this contention. In *Guignon v. Guignon,* 579 S.W.2d 664 (Mo.App.1979), we were confronted with a similar claim. There, wife contended the court erred in failing to reopen the evidence to show husband received a bonus shortly after the court's original order. We held that the reopening of the evidence was discretionary with the trial court and found that refusal not to be an abuse of discretion. We find no abuse of discretion in the present case.

In the determination of support awards, the courts are permitted to consider past and present earnings, and also should consider a party's anticipated earning capacity. *In re Marriage of Vanet,* 544 S.W.2d 236, 242 (Mo.App.1976). In the present case, neither party requested findings of fact and conclusions of law. We find nothing in this record to suggest that the trial court did not consider husband's future earning capacity.

■ In wife's second point, she alleges the trial court erred in refusing to consider the employer's record of husband's earnings for the period from January 1, 1979, to July 19, 1979, (the date of the original trial), at the hearing on the motion to amend. This point is without merit. Wife did not offer this evidence of husband's earnings in the hearing on the motion to amend, as the following excerpt from the transcript reveals:

> [Wife's attorney]: I offer into evidence today only the records that have his earnings since the date of your judgment to show he is back up to what his former demonstrated earning capacity was. I will limit the evidence to that. I will take out any evidence of what his actual earnings were as shown by Clark's records before the hearing.

The trial court committed no error.[1]

On January 10, 1980, wife filed a motion for temporary maintenance, suit money and attorney's fees pending appeal. At the hearing, wife presented the employer's records referred to above. The court, after hearing the evidence, made the same allowances for child support and maintenance as in its original decree and made an additional allowance for attorney's fees and court costs pending appeal.

■■■ Wife now contends the court erred in not increasing the temporary allowances for child support and maintenance above those that were in the decree. The circuit court has jurisdiction to entertain a motion for temporary maintenance and child support pending appeal in such amounts and on such terms as are just and proper in the circumstances authorized by § 452.315, RSMo. 1978. *State ex rel. Thomas v. Kelly,* 631 S.W.2d 685, 689 (Mo.App.1982). See *Schmiemeier v. Schmiemeier,* 613 S.W.2d 715 (Mo.App.1981). We have examined the record and conclude the trial court did not abuse its discretion.

---

1. Much of wife's argument in points I and II of the brief relates to when a court can grant relief because of newly discovered evidence and for judgments obtained by fraud. Neither of these matters though, were raised in wife's motion or at the hearing on the motion.

Finally, wife complains the court erred in permitting the admission of hearsay evidence in the hearing for temporary support pending appeal. Husband testified over wife's objection that he had been told several Clark service stations in the St. Louis area would be closed and the managers demoted. We agree that such testimony was hearsay. *Giessow v. Litz,* 558 S.W.2d 742, 750 (Mo.App.1977). In a court-tried case, though erroneous admission of evidence only requires reversal where there is an absence of sufficient competent evidence to support the order. *Sanfilippo v. Sanfilippo,* 637 S.W.2d 77, 79 (Mo.App.1982). We find the trial court's order was fully supported by competent evidence.

Nothing in this opinion should be construed as a comment on the propriety of a motion to modify because of changed circumstances.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.