**Paul Anton STURMA,
Petitioner-Appellant,**

v.

**Karen Lee STURMA, Respondent.**

**No. 47981.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Ellsworth W. Ginsberg, Clayton, for petitioner-appellant.

John David Anderson, St. Louis, for respondent.

KAROHL, Presiding Judge.

Appellant-husband appeals a dissolution decree ending a four year marriage. The parties had one child, Joshua, who will be five years old July, 1984. The custody of Joshua was the central disputed issue in the dissolution proceedings.

Husband contends on appeal that the trial court erred in: (1) sustaining a hearsay objection and refusing to allow into evidence a report by a Deputy Juvenile Officer (DJO) because portions of the report were hearsay; and, (2) awarding custody of Joshua to the wife which, on the evidence, was not in the best interest of the child.

We affirm.

Husband claims error for refusal to receive the whole report of the DJO. The report was originally requested by wife but she objected to its admission into evidence. We do not have the report but the record indicates the report contained statements by the parties, medical records of the wife and conclusions of the DJO. The report was offered into evidence subject to the limitations set forth in *Sanfilippo v. Sanfilippo*, 637 S.W.2d 77, 79 (Mo.App.1982).

*Sanfilippo* upheld the refusal to allow into evidence a report of a DJO which consisted almost entirely of hearsay. We are not confronted with a ruling admitting the DJO report subject to the limitations.

■ We find the trial court did not commit error prejudicial to the husband when he refused to admit the report into evidence. First, the DJO who authored the report was testifying when it was offered and the court expressly offered to hear evidence by testimony. Further, the medical records (adverse to wife) were subject to subpoena. Therefore it follows that all evidence beneficial to husband-appellant that may have been contained in the report was available to husband. Second, no offer of proof was made by the husband after the unfavorable ruling to indicate what evidence was foreclosed by exclusion of the report and to preserve the point. *See Borden v. Phillips Petroleum Co.*, 541 S.W.2d 53, 56 (Mo.App.1976). Even if we were to hold the ruling was erroneous it was not prejudicial because evidence was available through direct examination of the author of the report. *See Sciortino v. MacGee*, 633 S.W.2d 134, 138 (Mo.App.1982).

■ Husband's second point is that the best interest of the child was not served by granting custody of Joshua to the wife. Evidence presented by both parties pointed to the parental disabilities of the other. Most charges were denied. The weaknesses and disabilities were so severe that it would serve no useful purpose to summarize that evidence. It is clear that when there is conflicting evidence regarding the relative fitness of the parents for custody, the resolution of the conflicts and the determination of the credibility of the witnesses will be left to the trial court, and deference will be accorded to its conclusions. *Johnson v. Johnson*, 628 S.W.2d 709, 713 (Mo.App.1982). The trial court is in far better position to evaluate the credibility and believability of the witnesses than an appellate court, *see Phillips v. Schwartz*, 607 S.W.2d 203, 206 (Mo.App. 1980), and the decision of the trial court will stand unless there is an abuse of dis-

cretion or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc·1976). Using this standard we find no abuse of discretion. Fortunately, the trial court continues to supervise the custodial parent in order to protect the child. § 452.410 RSMo 1978.

We affirm.

REINHARD and CRANDALL, JJ., concur.