[redacted]

**Marie PRESTON, Plaintiff-Respondent,**

**v.**

**Joel PRESTON, Respondent-Appellant.**

**No. 55746.**

Missouri Court of Appeal,
Eastern District,
Division One.

July 18, 1989.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Charles M.M. Shepherd, Clayton, Mo., for respondent-appellant.

William R. Gartenberg & Lee Gary Kline, Clayton, Mo., for plaintiff-respondent.

CRANDALL, Presiding Judge.

Joel Preston, husband, appeals from the trial court's award of temporary maintenance and attorney fees to Marie Preston, wife. We affirm.

The marriage of the parties was dissolved in 1988. The trial court divided the marital property and awarded wife attorney fees. Wife was not awarded maintenance. On appeal by husband, the dissolution decree was affirmed. *See Preston v. Preston,* 767 S.W.2d 618 (Mo.App.1989). Pending that appeal, the trial court, after

**364**

hearing, awarded wife temporary maintenance and attorney fees. That ruling is the subject of this appeal.

In his first point, husband claims that the trial court erred in granting wife temporary maintenance pending appeal. He contends that there was no statutory basis for such action and, therefore, the trial court lacked jurisdiction. Husband further argues that, even assuming the trial court had jurisdiction, it erred in awarding wife temporary maintenance because she failed to show a need or justification for the award.

■■■ Section 452.315, RSMo (1986) grants a trial court authority to order temporary maintenance in a "proceeding for dissolution of marriage." A proceeding for dissolution of marriage is a single proceeding or action which does not end until all matters are finally adjudicated even though an appeal is not taken from that portion of the judgment which dissolves the marriage. *State ex rel. Thomas v. Kelly,* 631 S.W.2d 685, 688 (Mo.App.1982). A circuit court has jurisdiction to entertain a motion for temporary maintenance pending appeal in such amounts and on such terms as are just and proper in the circumstances authorized by Section 452.315. *Goller v. Goller,* 758 S.W.2d 505, 510 (Mo.App.1988); *Nunn v. Nunn,* 644 S.W.2d 370, 372 (Mo. App.1982). Accordingly, the trial court had jurisdiction to enter an award of temporary maintenance.

■■ We also find that the trial court did not abuse its discretion in awarding wife temporary maintenance. The trial court awarded wife temporary maintenance in the amount of one-half the monthly mortgage payment. Wife was awarded the marital home pursuant to the dissolution, and she was required to pay the mortgage. Husband appealed the property distribution. Therefore, the evidence supported an inference that wife had a need for maintenance which was not present at the time judgment was entered. *See State ex rel. Thomas,* 631 S.W.2d at 689. Point one is denied.

In his second point, husband contends the trial court's award of $1,000 for attorney fees was erroneous. Section 452.355, RSMo (Supp.1988) provides in pertinent part:

The court ... may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under Sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

Husband argues that the award went beyond the purview of the statute because it was based upon legal services *to be rendered* rather than *legal services rendered.*

Counsel for wife testified that he had expended 13.3 hours on wife's case at $90 per hour since the entry of the dissolution decree. Although wife's motion prayed for attorney fees that were prospective in nature, in fact, the award by the trial court was within the range of the cost of past legal services. We, therefore, do not address husband's claim that an award of prospective attorney fees is not permitted under Section 452.355. Husband's second point is denied.

The judgment is affirmed.

REINHARD, and CRIST, JJ., concur.