STATE of Missouri, Plaintiff–Respondent,

v.

Trent J. MAYES, Defendant–Appellant.

No. SD 29117.

Missouri Court of Appeals,
Southern District,
Division Two.

April 17, 2009.

919

Ellen H. Flottman, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard Starnes, Asst. Atty. Gen., Jefferson City, for Respondent.

JOHN E. PARRISH, Judge.

Trent J. Mayes (defendant) was convicted, following a jury trial, of statutory sodomy in the first degree, § 566.062.[1] *See* § 566.010(1). This court affirms.[2]

In its review, this court accepts all evidence and inferences that tend to support the verdict as true. *State v. McClanahan,* 202 S.W.3d 64, 66 (Mo.App.2006). Contrary evidence and inferences are disregarded. *Id.*

On the date of the offense for which defendant was found guilty, the victim (victim) was seven years old. She knew defendant's daughter, "T." Victim was spending the night with "T" at defendant's house. Victim was sleeping on a couch in defendant's living room. "T" and victim's brother, who was also spending the night at defendant's house, were sleeping on the floor. Victim was awakened by defendant. She told the trial court and jury what occurred. Victim was asked the following questions and gave the following answers.

Q. Do you remember what woke you up?

A. [T's] dad.

Q. And do you remember how he woke you up?

A. He started to touch me in parts I didn't want to be touched in.

Q. And what parts were those?

A. My private part, and tried to start pulling down my pants and I kept trying to pull them up.

. . .

1. References to statutes are to RSMo 2000.

2. Defendant was charged with two counts of statutory sodomy in the first degree. He was found not guilty on one count.

Q. Then what happened?

A. Um, then he laid on the couch and tried to make me touch his part, and I tried every time to take my hand away, but he kept pulling it back.

Q. Now, you said he tried to. Did he try to or did you actually touch his private?

A. Yes, but I kept pulling it back.

Q. Yes, what?

A. Yes.

Q. You did touch it?

A. Yeah, but I pulled it back because he made me.

Q. Okay. And then—

A. Because he put his hand on top of mine and started pulling it.

Q. So you would pull your hand back and he'd grab your hand and put it back on his private?

A. Yes.

Q. Do you remember if there was anything that was said to you at that time?

A. Yeah. When he got off the couch and he got on his knees and said not to tell anyone because we would both be in big trouble. . . .

Defendant agreed to take a polygraph examination. Defendant had been given his *Miranda*[3] warning prior to taking the polygraph examination. After the examination, he made statements to the polygraph examiner, Missouri Highway Patrol Investigator David Rice. The statements were the subject of a motion to suppress evidence and to objections at trial. The motion to suppress evidence was denied and the objections to the testimony were overruled. Rice testified about the statements. There was no reference to the earlier polygraph examination.

■ Defendant's first point on appeal contends the trial court erred in denying defendant's motion to suppress the statements he made to Rice and in admitting testimony that related to those statements. Defendant argues "that the statements were involuntary, unknowing and unintelligent under the totality of the circumstances because the statements followed a polygraph examination which itself was inadmissible."

"[T]he fact that the statements were made during an interview following the administration of a polygraph examination does not, in itself, require that they be suppressed." *State v. Ficke,* 892 S.W.2d 814, 816 (Mo.App.1995). Defendant had been advised of his rights and professed to understand them. The record does not suggest that defendant did not comprehend those rights. Point I is denied.

■ Point II is a claim of plain error directed to the trial court not having instructed the jury on the offense of child molestation in the first degree as a lesser included offense of statutory sodomy in the first degree. Defendant acknowledges that he did not tender a proposed lesser-included instruction on child molestation as directed by Rule 28.02(b); neither did he pose an objection at trial to the trial court's failure to so instruct.

■ "No party may assign as error the giving or failure to give instructions . . . unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Rule 28.03. Having not preserved the issue, defendant seeks plain error review as permitted by Rule 30.20. Rule 30.20 permits this court to examine a claim of error, although not preserved for review on appeal, in order to determine if the action or inaction to which

3. *See Miranda v. Arizona,* 384 U.S. 436, 86   S.Ct. 1602, 16 L.Ed.2d 694 (1966).

the claim of error is directed resulted in manifest injustice or a miscarriage of justice that affected defendant's substantial rights. Whether to grant plain error review is within the reviewing court's discretion. *State v. Slaughter*, 267 S.W.3d 841, 846 (Mo.App.2008).

█ Whether plain error exists is determined by reviewing facts and circumstances on a case-by-case basis. *State v. Ward*, 235 S.W.3d 71, 75 (Mo.App.2007). "Plain error is evident, obvious and clear error." *State v. Bailey*, 839 S.W.2d 657, 661 (Mo.App.1992). Determination of whether to grant plain error review involves a two-step analysis. *State v. Campbell*, 122 S.W.3d 736, 740 (Mo.App.2004).

> The first step of this analysis is to determine whether the asserted claim of plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. *State v. Rhodes*, 988 S.W.2d 521, 526 (Mo.banc 1999); *State v. Brown*, 902 S.W.2d 278, 284 (Mo.banc 1995). If facially substantial grounds are found to exist, the appellate court should then move to the second step of this analysis and engage in plain error review to determine whether manifest injustice or a miscarriage of justice has actually occurred. *See State v. Rogers*, 51 S.W.3d 879, 880 (Mo.App.2001). If facially substantial grounds are not found to exist, the appellate court should decline to exercise its discretion to review the claim of plain error pursuant to Rule 30.20. *Id.*; *State v. East*, 976 S.W.2d 507, 509–10 (Mo.App.1998).

*Id.*

Review of the record does not reveal substantial grounds to believe that a manifest injustice or miscarriage of justice occurred. This court declines to grant plain error review. Point II is denied. The judgment is affirmed.

LYNCH, C.J., and BURRELL, P.J., concur.