

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI,                      )
                                        )
            Respondent,                 )
                                        )
    vs.                                 )       No. SD32940
                                        )       Filed:  January 13, 2015
TERRELL EUGENE PRINE,                   )
                                        )
            Appellant.                  )


## APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

### Honorable David B. Mouton, Circuit Judge


**<u>AFFIRMED</u>**

Terrell Eugene Prine ("Prine"),[1] appeals his conviction of the class A felony of

first-degree robbery, pursuant to section 569.020; and the unclassified felony of armed criminal

action, pursuant to section 571.015.[2]  We affirm the judgment of the trial court.

---

[1] In the record, Prine is sometimes referred to as "Bud."

[2] All references to statutes are to RSMo 2000, unless otherwise indicated.

**Facts and Procedural Background**

Prine does not challenge the sufficiency of the evidence to support his conviction. This Court views the evidence in the light most favorable to the verdict. *State v. Perry*, 275 S.W.3d 237, 242 (Mo. banc 2009). We accept as true all facts and inferences favorable to the verdict, and we disregard evidence and inferences to the contrary. *State v. Oliver*, 293 S.W.3d 437, 444 (Mo. banc 2009). In light of these principles, the following evidence was adduced at trial.

On the evening of January 14, 2012, Prine, intoxicated, had his girlfriend drive him to the home of Bradley Clark ("Clark") to collect fifteen dollars that Clark owed Prine. When Clark refused to pay Prine because Clark only had a fifty dollar bill, Prine became angry and told Clark he was going out to his girlfriend's car to retrieve his gun. Prine returned to Clark's home with his gun (wearing gloves), kicked in the front door, took two steps inside, and fired the gun. Prine took the fifty dollars from Clark, then threatened to kill a second man in the house, Gary Mitchell ("Mitchell"), unless Mitchell gave Prine his money. Prine left Clark's house in his girlfriend's car after taking about two hundred dollars from Mitchell, but was later apprehended and arrested.[3]

Police found a bullet hole in Clark's home during a search, found a glove worn by Prine at the time of the shooting, retrieved the gun fired by Prine, as well as the shell casing from the bullet Prine fired.

On April 24, 2012, a special prosecutor was appointed for the State due to a conflict of interest within the office of the Jasper County Prosecuting Attorney.

---

[3] Clark was a long-time family friend and had known Prine since he was a baby. Mitchell and Prine were cousins; Mitchell was also related to Clark.

A jury trial was held on June 18, 2013. At the close of all the evidence, an instruction conference was held in which Prine's counsel offered Instruction 5A,[4] a lesser-included-offense instruction for second-degree robbery. When the trial court offered counsel for Prine an opportunity to make a record regarding the instruction, the following transpired:

> [PRINE'S ATTORNEY]: Yes, Judge. I believe there's evidence of intoxication of Mr. Clark, and I believe Mr. Mitchell. Both testified that Mr. Prine was not himself, that he was intoxicated, under the influence. I would ask that the Court offer Instruction - I have marked it as 5A, Judge, you're marking it as A, is that right[?]
>
> BY THE COURT: Yes. [STATE], any record you wish to make[?]
>
> [STATE]: Yes. Your Honor, the only difference between what the defense is submitting in its proposed #A and robbery first that is in Instruction No. 5, which is properly given by the Court, they're attempting to negate, as I understand, the elements of - the intent element of the crime on purpose, that he was intoxicated therefore purposely did this.
>
> If you recall the testimony[,] the defense is I just didn't do it. Period. In other words, he didn't do the robbery, number one. So the only difference between robbery first and robbery second is paragraph four in the two instructions. Robbery first requires the additional element of using - the MAI would say you can charge it by doing deadly weapon or dangerous instrument in the commission of the crime.

---

[4] 
INSTRUCTION NO. [5]A

As to Count I, if you do not find the defendant guilty of robbery in the first degree, you must consider whether he is guilty of robbery in the second degree.

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 14th day of January, 2012, in the County of Jasper, State of Missouri, the defendant took $50.00 in cash from Brad Clark, which was property owned by Brad Clark, and

Second, that defendant did so for the purpose of withholding it from the owner permanently, and

Third, that defendant in doing so threated [sic] the immediate use of physical force on or against Brad Clark for the purpose of preventing resistance to taking of the property, then you will find the defendant guilty under Count I of robbery in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The specific intent for both of those is purposely, Judge, so I don't think you go down to a second-degree robbery and eliminate the use of a weapon in the commission of a crime just because you're drunk. Plus the defendant is saying I just didn't do this anyway. I don't know how you get - it seems like a contradictory argument. If you believe I did it then negate the elements of robbery by - down to second-degree robbery, forget about the gun, and let me off with a second-degree because I was drunk. It's the same standard for both.

BY THE COURT: I agree. As I indicated in chambers, there is, I don't think, any evidence at all in the case, much less substantial evidence to support the giving of a second degree robbery instruction. I don't believe anybody gives a version that he was there and robbed Brad Clark but did so without the use of a gun or a dangerous instrument. And so for all of those reasons I am refusing the proffered instruction, which I have marked as #A, 323.04, and that is the only instruction - that's the only instruction offered by the defense.

The jury found Prine guilty of robbery in the first degree and armed criminal action. The jury recommended Prine be sentenced to ten years in the Missouri Department of Corrections for the charge of robbery in the first degree, and three years in the Missouri Department of Corrections for the charge of armed criminal action. The trial court ruled the sentences would run consecutively after finding the recommendation of the jury was appropriate and within the limits of the law.

On July 15, 2013, Prine filed a "Motion for Judgment of Acquittal Notwithstanding the Verdict, or, in the Alternative, Motion for New Trial" asserting that:

The trial court clearly erred and/or abused its discretion by refusing to submit [Prine]'s jury instruction NUMBER 5A on ROBBERY IN THE SECOND DEGREE MAI-CR 3rd 323.04. Gary Mitchell and Bradley Clark testified they had known Mr. Prine all his life and had never before observed him [to] act the way he did on 14 January 2012. Clark opined Prine appeared to be under the influence of something. He stated Mr. Prine drank several alcoholic beverages in his presence. Mr. Prine admitted to drinking alcohol that evening as well. The Defense asserts Instruction Number 5A should have been an option for the jury and refusing to submit same violates Mr. Prine's rights to Due Process, Fair Trial, a Fair and Impartial Jury under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution[.]

This appeal followed.

4

In his four points on appeal, Prine contends the trial court erred in: (1) refusing to instruct jurors as to Prine's lesser-included-offense instruction for robbery in the second degree because it deprived Prine of a fair trial before a properly instructed jury in that robbery in the second degree is a lesser-included offense of the charged robbery in the first degree, and there was a basis for the jury to acquit on the offense charged but still convict on the lesser offense; (2) in sustaining the State's objection to Prine's counsel questioning Mitchell about his pending criminal charges because Prine was prevented from exposing Mitchell's potential bias and prejudice; (3) assessing court costs against Prine and ordering him to pay $31,065.98 for the special prosecutor because Prine was indigent; and (4) assessing court costs against Prine in the amount of $31,027.50 for the costs of a special prosecutor because this amount was prohibited by section 56.130 and not reasonable.

### Point I: Lesser-Included Instruction

**Standard of Review**

"This Court reviews *de novo* a trial court's decision whether to give a requested jury instruction under section 556.046, RSMo Supp.2002[.]" ***State v. Jackson***, 433 S.W.3d 390, 395 (Mo. banc 2014) (footnote omitted). A preliminary issue is preservation; to "preserve a claim of instructional error for review, counsel must make specific objections to the allegedly erroneous instruction at trial and in a motion for new trial." ***State v. Steinmann***, 431 S.W.3d 495, 498 (Mo.App. E.D. 2014); Rule 28.03.

**Analysis**

After Prine filed his brief in this appeal, our Supreme Court ruled that a trial court cannot refuse a requested nested-lesser instruction "based solely on its view of what evidence a reasonable juror must believe or what inferences a reasonable juror must draw." ***Jackson***, 433

5

S.W.3d at 392.[5]   Thereafter, we allowed Prine to amend his brief to also seek reversal based upon *Jackson* and its companion case, ***State v. Pierce***, 433 S.W.3d 424 (Mo. banc 2014).

*Jackson* held that "in a criminal case, the trial court cannot refuse a defendant's request for . . . [a] 'nested' lesser offense instruction based ***solely*** on its view of what evidence a reasonable juror must believe or what inferences a reasonable juror must draw."   433 S.W.3d at 392 (our emphasis).  This requirement was reiterated in *Jackson*, then again in *Pierce*:

> If the defendant requests that the jury be instructed on a lesser included offense consisting of all but one of the elements required for the greater offense, is the trial court allowed to refuse to give that instruction ***solely*** because it determines that no reasonable juror could refuse to find that the differential element had been proved beyond a reasonable doubt?  The answer is no.

*Id.* at 402 (our emphasis).

> As in *Jackson*, therefore, the Court holds that where the defendant requests the trial court to instruct the jury on a 'nested' lesser offense, the trial court cannot refuse to give that instruction ***solely*** because the court concludes that the evidence is so overwhelming that all reasonable jurors must find the differential element proved beyond a reasonable doubt.

*Pierce*, 433 S.W.3d at 433 (our emphasis).

Prine sought a second-degree robbery instruction, but his *sole* basis was a claim that he was intoxicated at the time of the offense.  The trial court correctly agreed with the prosecutor's argument against that theory (*i.e.*, "forget about the gun, and let me off with a second-degree because I was drunk[,]" to quote the instruction conference record).  "Missouri has defined all of its criminal offenses so as to render voluntary intoxication legally irrelevant."  ***State v. Fanning***,

---

[5] Second-degree robbery is a "nested" lesser-included offense of first-degree robbery because

> second-degree robbery requires the state to prove beyond a reasonable doubt that the defendant took the victim's property by force.  First-degree robbery requires proof of those same elements ***and*** proof beyond a reasonable doubt of the differential element that the victim reasonably believed the defendant was using or threatening to use a weapon.  By definition, therefore, if the evidence in a specific case is sufficient to allow a reasonable juror to find the defendant guilty of robbery first, that evidence also must be sufficient to allow a reasonable juror to find the defendant guilty of robbery second.

*Jackson*, 433 S.W.3d at 404 (emphasis in original).

6

939 S.W.2d 941, 947 (Mo.App. W.D. 1997). The trial court opined further that the evidence did not support the request and "for all of those reasons" rejected the proffered instruction.

Prine cited a single, specific, legally insufficient basis for his instruction request, which the trial court correctly rejected. *Fanning*, 939 S.W.2d at 947. That the trial court volunteered further observations, now flawed in hindsight after *Jackson* and *Pierce*, does not render wrong its ruling on Prine's stated request; nor, did the trial court "refuse to give that instruction *solely* because the court conclude[d] that the evidence [was] so overwhelming that all reasonable jurors must find the differential element proved beyond a reasonable doubt." *Pierce*, 433 S.W.3d at 433 (our emphasis). On the record before us, the trial court did not err in denying Prine's instruction request.

Even were it preserved, therefore, this point would fail. However, Prine cannot even "assign as error the . . . failure to give instructions . . . unless [he] object[ed] thereto . . . stating distinctly the matter objected to and the grounds of the objection. . . . The objections must also be raised in the motion for new trial . . . ." Rule 28.03.[6] *See Steinmann*, 431 S.W.3d at 498; *State v. Oudin*, 403 S.W.3d 693, 696 (Mo.App. W.D. 2013).

Prine's sole basis for requesting a second-degree robbery instruction, and his sole theory of instructional error in his new trial motion, was intoxication. For that matter, neither Point I nor its theory of error was included in Prine's original brief in this Court.

Point I facially violates Rule 28.03 by assigning a different theory of error on appeal. Prine cannot broaden or change his theory of error on appeal, and we will not "convict the trial court of error on issues that were not presented below and raised for the first time here." *State v. Lane*, 415 S.W.3d 740, 750 (Mo.App. S.D. 2013). As repeatedly stated by our appellate courts:

---

[6] All rule references are to Missouri Court Rules (2014).

> 'Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.'

*State v. Davis*, 348 S.W.3d 768, 770 (Mo. banc 2011) (quoting *State v. Thomas*, 969 S.W.2d 354, 355 (Mo.App. W.D. 1998), and *State ex rel. Selby v. Day*, 929 S.W.2d 286, 288 (Mo.App. S.D. 1996)).[7]

Prine has asserted in this Court that his "counsel had no way of knowing that the Missouri Supreme Court would change the rules as to when a trial court is required to give a lesser-included instruction." We consider ourselves bound by our supreme court's view otherwise—that *Jackson* reiterates what our supreme court has held in cases dating back to *State v. Santillan*, 948 S.W.2d 574 (Mo. banc 1997), followed by *State v. Pond*, 131 S.W.3d 792, 793 (Mo. banc 2004), and again in *State v. Williams*, 313 S.W.3d 656 (Mo. banc 2010). *See Jackson*, 433 S.W.3d at 397-99, 401-02, 409.

Point I asserts an unpreserved claim. Prine does not allege plain error and *ex gratia* review satisfies us that none occurred.[8] Point I fails.

---

[7] A civil case, *Kline v. City of Kansas City*, 334 S.W.3d 632, 647 (Mo.App. W.D. 2011), summarizes these principles well:

> A point on appeal must be based upon the theory voiced in the objection at trial and an appellant cannot expand or change on appeal the objection as made. A point on appeal may not enlarge or change the objection made at trial. When the point on appeal contends that an instruction is erroneous on a different ground than was asserted in the objection made at trial, we may not review that error on appeal [except for plain error].

*Id.* at 647 (internal citations and quotation marks omitted).

[8] Instructional error is not plain error unless the trial court so misdirected or failed to instruct jurors as to cause manifest injustice or a miscarriage of justice. *State v. Ousley*, 419 S.W.3d 65, 75 (Mo. banc 2013). Our review of the whole record, the correctness of the instructions this jury did receive, the jury's two findings that Prine used a gun, and our presumption that the jury followed its instructions, all combine to seriously undermine any suggestion (although none has been made) of jury misdirection or manifest injustice.

8

*Point II: Cross-Examination Regarding Pending Charges*

Prine contends in his second point that the trial court erred in sustaining the State's objection in cross-examination of Mitchell concerning pending charges, and he was thus prejudiced. Prine concedes the general rule that the subject of pending charges against a witness is not admissible.

Generally, to preserve the issue for appeal, the proponent of evidence excluded by the trial court must make an offer of proof. *State v. Woods*, 357 S.W.3d 249, 253 (Mo.App. W.D. 2012). An offer of proof is made *after* an unfavorable ruling, *Sturma v. Sturma*, 674 S.W.2d 626, 627 (Mo.App. E.D. 1984), and "must specifically show: (1) what the proffered evidence would be; (2) its object and purpose; and (3) all the facts necessary to establish its relevance and admissibility." *Calzaretta v. Willard*, 391 S.W.3d 488, 493 (Mo.App. S.D. 2013).

Having reviewed the record, we see no offer of proof on this issue[9] meeting the requirements set out in *Calzaretta*.[10] Notably, we find Prine did not offer testimony regarding what the pending charges might have been. Further, the complained-of error was not contained in a motion for new trial. As a result, this issue is not preserved for our review.

Nevertheless, Rule 30.20 permits this Court, in its discretion, to grant plain error review if the requirements of a two-step analysis are satisfied. First we determine whether the complained-of error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. *State v. Mayes*, 281 S.W.3d 918, 921 (Mo.App. S.D. 2009).

---

[9] "If an offer of proof consists of evidence which is admissible in part and inadmissible in part, the trial court is justified in rejecting the entire offer." *State v. Broussard*, 57 S.W.3d 902, 911 (Mo.App. S.D. 2001).

[10] While we note that defense counsel attempted several times (unsuccessfully) to elicit testimony about this evidence after the trial court sustained an objection to its admission (thereby drawing a formal admonishment from the trial court), the corresponding open court colloquies and bench conference discussions in the transcript are insufficient to preserve this issue for our consideration.

9

Only if the first step is satisfied do we then move to the second step to determine whether manifest injustice or miscarriage of justice actually occurred. *Id.*

We find no facially substantial grounds to believe that manifest injustice or a miscarriage of justice has occurred, and therefore decline to review for plain error. Point II is denied.

### Points III and IV: Court Costs

In his third and fourth points, Prine argues that the trial court plainly erred in assessing court costs against Prine because the trial court found Prine to be indigent. Prine concedes on appeal that this issue was not preserved, and that we therefore may only review for plain error.

Finding no substantial facial grounds to believe that manifest injustice or a miscarriage of justice has occurred, we decline to review for plain error.[11] Points III and IV are denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS AND FILES SEPARATE CONCURRING OPINION

---

[11] The State argues that a "Bill of Costs" assessing the special prosecutor's fee against the state of Missouri was submitted to the Missouri Department of Corrections by the Jasper County prosecutor and the trial court, thereby rendering this issue moot. The State suggests that this Bill of Costs is contained in "Appendix A" in the record on appeal. However, it appears that such Bill of Costs was not included in Appendix A or elsewhere in the record on appeal; therefore, we may not consider it.



# Missouri Court of Appeals

### Southern District

#### Division One

STATE OF MISSOURI,                    )
                                      )
     Respondent,  )
                                      )
   vs.                      )   No. SD32940
                                      )
TERRELL EUGENE PRINE,                 )
                                      )
     Appellant.   )

### <u>CONCURRING OPINION</u>

Must we *conclusively* presume prejudice from error in not instructing down, even if that seems logically inconsistent with reasoned consideration of the verdicts? What of Rule 28.02(f), which calls for the "prejudicial effect" of instructional error to "be judicially determined"?

These questions came to mind as I weighed footnote 4 of **State v. Jackson**,[1] which declined to reconcile an observed inconsistency shared by this case. To suspect prejudice from a failure to instruct on second-degree robbery "seems

---

[1] 433 S.W.3d 390 (Mo. banc 2014), discussed in Point I of the principal opinion.

logically inconsistent" with the jury's finding of armed criminal action. *See* 433

S.W.3d at 395 n.2 & 4.

> The Court need not reconcile these, however, because prejudice is presumed when a trial court fails to give a requested lesser included offense instruction that is supported by the evidence. *State v. Redmond,* 937 S.W.2d 205, 210 (Mo. banc 1996) (defendant "is entitled to a new trial before a properly instructed jury").

*Id*. at n.4. This begged the question of the presumption's nature and effect. I understood the presumption and "reversible error" in this context as follows: "Failure to provide the required instruction … is reversible error. Such errors are presumed to prejudice the defendant unless it is clearly established by the State that the error did not result in prejudice." **State v. Westfall**, 75 S.W.3d 278, 284 (Mo. banc 2002) (quotation marks, citations, and brackets omitted).

So I was surprised to research back from **Redmond** and discover so many "instructing down" reversals that never addressed prejudice. Eventually I found this suggestion of a reason in **State v. Sykes**, 436 S.W.2d 32, 36 (Mo. 1969):

> [I]t is error for the Court to fail to instruct upon a lower degree of any offense, if there is any evidence to warrant a submission of a lesser offense *and that the error is not cured simply because a jury found the defendant guilty of a higher degree of the offense.* [My emphasis.]

I accept the last proposition (error is not cured *simply* …), but that neither addresses nor excuses our Rule 28.02(f) obligation to determine prejudice. This case differs markedly from **Sykes, Redmond,** or any case that does not involve the logical inconsistency noted in **Jackson** and also found here.

Here, an ACA verdict corroborates this jury's belief that Prine used a gun. This exceeds a **Sykes**-like claim that error is "cured simply because a jury found the

2

defendant guilty of a higher degree of the offense." The ACA finding collaterally establishes and substantiates first-degree robbery's "differential element" (as ***Jackson*** uses that term).

Contrast ***Redmond***, cited in ***Jackson***'s footnote 4. That jury also found ACA, but the error was failure to instruct down from murder to sudden-passion manslaughter (937 S.W.2d at 206-07, 208), so ACA shed no light on the differential element (sudden passion). Here, ACA matches and corroborates the differential element – did Prine use a gun?

***State v. Whitfield***, 107 S.W.3d 253 (Mo. banc 2003), although different, also seems instructive. There, *constitutional* error forced the State to disprove prejudice beyond a reasonable doubt (a higher standard than here). ***Id***. at 263. Our supreme court acknowledged the presumption that jurors follow the instructions, but found that presumption *alone* could not carry a no-reasonable-doubt burden.

> A presumption is simply inadequate to meet this high standard, and no affirmative proof sufficient to meet this standard has been offered by the State, as the record is silent in regard to the jury's findings.

***Id***. As to prejudice, therefore, this case differs from ***Whitfield*** in three key ways:

1. This is not a constitutional case (*see **Jackson***, 433 S.W.3d at 395 & n.5, 402), so less proof is needed to overcome the presumption of prejudice; *i.e.*, not reasonably probable that the error affected the trial's outcome. ***Id***. at 395 n.4.

2. Here, "affirmative proof sufficient to meet this standard has been offered by the State" in the form of the ACA verdict.

3. And "the record is [not] silent in regard to the jury's findings." The jury voiced its differential element finding in not just one, but two verdicts.

3

To examine this record, including Prine's testimony, the theory of defense, and both jury verdicts, is to dispel all concern (other than a wholly theoretical one) that jurors who *twice* found that Prine was armed *actually doubted that.* I would consider any ***Jackson*** error harmless, without qualms, because I share ***Jackson***'s "faith in the jury system" and goal of fewer retrials. 433 S.W.3d at 409.[2]

To summarize my thoughts, ***Jackson*** did not analyze prejudice or reconcile the logical inconsistency noted there and also found here. I do not read that case or

---

[2] Although ***Jackson*** eschewed "reasonable" jurors as a basis to assess *error*, 433 S.W.3d at 400, "reasonableness" and "reasonable jurors" surely remain relevant in determining *prejudice*.

This jury, which we presume to have followed the law and instructions, dutifully sat for two days, heard the evidence, and unanimously agreed *twice* that Prine was armed – two verdict directors, two verdict forms, beyond a reasonable doubt. When polled, each juror confirmed that these were his or her true verdicts.

The record unquestionably supports these verdicts, so to flatly reverse them per ***Jackson*** without express consideration of prejudice invites these jurors and the public to ask whether our court:

- disbelieves what these jurors said in two verdicts *and* when they were individually polled thereafter; or

- thinks this was the "unreasonable" jury hypothesized in ***Jackson***, 433 S.W.3d at 403, sending Prine to prison for a crime that jurors genuinely believed he did not commit; or

- thinks this jury acted and judged fairly, but reverses anyway because a hypothetical "unreasonable" jury might have done differently. ***Id***.

No one wants jurors who've done nothing wrong to wonder these things. Yet this may be an unintended and unfortunate consequence of ***Jackson***'s emphasis on protecting defendants and our justice system from theoretical misbehavior by "unreasonable" juries. 433 S.W.3d at 402-03.

More importantly, error and prejudice are different issues. We do not reverse for one unless we also find the other. Review of this record convinces me that there was no prejudice, even if error occurred.

4

others to conclusively presume prejudice from error in instructing down. As with other instructional error, the presumption can be overcome, and is overcome here.

Although error is not "cured simply because a jury found the defendant guilty of a higher degree of the offense" (**Sykes**, 436 S.W.2d at 36), an additional ACA finding here substantiates the differential element *precisely*, strongly indicating that these jurors were not misled by a failure to instruct down. This, and careful review of the record, convinces me that we cannot find prejudice if we presume, as we must, that the jury obeyed its instructions. "Juries are presumed to follow the instructions, and there is no indication in this case that the jurors did not." **State v. McFadden**, 391 S.W.3d 408, 421 (Mo. banc 2013).

For these reasons and those stated in the principal opinion, which I also join, I would reject Prine's points on appeal and affirm his convictions. I concur.

DANIEL E. SCOTT – CONCURRING OPINION AUTHOR