Denise CALZARETTA, Appellant/Cross Respondent,

v.

Christian R.D. WILLARD, D.D.S., Respondent/Cross Appellant.

Nos. SD 31499, SD 31516.

Missouri Court of Appeals, Southern District, Division One.

Jan. 24, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 2013.

Gregory W. Aleshire and Kevin J. Rapp, Springfield, MO, for Appellant.

Brian D. Malkmus, Springfield, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Denise Calzaretta ("Calzaretta") appeals the judgment of the trial court following a jury verdict rendered in favor of Christian R.D. Willard, D.D.S. ("Willard"). By its judgment, the trial court found Willard was not liable for physical damages suffered by Calzaretta during her dental treatment by Willard. Both parties now appeal.

**Factual and Procedural Background**

Calzaretta, a patient of Willard, had a dental procedure performed in Willard's office on April 20, 2004. During that procedure, Calzaretta received a soft-tissue laceration inside her mouth in the area of her lower left jaw. The issue at the center of this matter was whether Willard negligently operated his dental "drill" such that

he lost control of it and caused unnecessary injury to Calzaretta or whether, as Willard asserted, Calzaretta "jumped" or "jerked" during the procedure causing the dental drill to injure her. Calzaretta testified she did not "jump" or "jerk" and Willard testified that she did. Willard's dental assistant testified, via deposition, that Calzaretta "jumped and moved" and as a result the drill made contact with her soft tissue and injured her. Willard's dental expert offered an opinion that Calzaretta's injury occurred when she "jerked or jumped her head, thereby causing [the] injury to her left lower lip." Calzaretta filed suit and on April 4, 2011, a jury trial was held.

During direct examination, counsel for Calzaretta asked Willard about a pre-trial interrogatory in which Willard answered that none of his patients had sustained an injury since the time his deposition was taken. Counsel for Calzaretta then introduced the dental records of a different patient that stated he received an injection hematoma as the result of a dental procedure performed by Willard. When Calzaretta's counsel suggested that such a complication was an injury Willard should have disclosed in discovery, Willard explained that an injection hematoma was not the kind of situation he would classify as "a traumatic injury" and that he believed the interrogatory question was geared more toward injuries or complications similar to those alleged by Calzaretta. On cross-examination, Willard explained that he did not feel common dental complications could be considered injuries and the interrogatory in question only related to injuries.

Calzaretta rested her case on April 6, 2011. The following morning, a discussion between the parties and the trial court was held on the record in chambers. At that time, counsel for Calzaretta advised the trial court that he had received information the previous evening from a woman named Stacy Holmes ("Ms. Holmes"), who happened to be his wife's second cousin, that she had been injured by Willard in a manner similar to that of Calzaretta just two weeks prior to trial. He related that following a dental procedure in which her mouth was anesthetized, Willard told Ms. Holmes that her "tongue got curious" and he had to place seven sutures "in the bottom palate of her mouth...." Ms. Holmes texted pictures of her injuries to Calzaretta's counsel and he felt this information was "certainly potentially relevant and pertinent, given some of the testimony and answers to discovery in this case[,]" specifically in reference to Willard's interrogatory answer that he had not injured any other patients. Calzaretta's counsel then stated he believed "this incident would certainly qualify as something that needed to be disclosed in response to that question," and he moved the trial court "in light of this new information, for a mistrial." Following a response from Willard's counsel, the trial court overruled the motion for mistrial and found "that the information at this point is insufficient for the granting of same." No other motions were made at that time. When the proceedings were reopened in front of the jury, the trial court then asked counsel for Calzaretta if he had "[a]ny rebuttal evidence ... [,]" and counsel replied that "[o]ther than what we previously discussed in chambers, no, Your Honor." At the close of all the evidence, the jury returned a verdict in favor of Willard within thirty minutes of beginning their deliberations.

Calzaretta timely filed her "Amended Motion for Judgment Notwithstanding the Verdict or in the Alternative, Motion for New Trial," in which she argued, among other things, that she was entitled to a new trial because the trial court "erred in refusing to allow [Calzaretta] to reopen

her case and admit said competent, relevant and material evidence" relating to Willard's purported injury to Ms. Holmes, and that the trial court "erred in denying [Calzaretta's] motion for mistrial after the [trial court] refused to permit [her] to introduce said evidence[.]"

Willard filed a post-trial motion relating to the costs incurred by Willard in relation to Calzaretta's deposition of his expert, Dr. Allen Sclaroff ("Dr. Sclaroff"), as well as a request for Calzaretta to pay said costs. Calzaretta then filed a motion to review the bill of costs on the basis that Dr. Sclaroff did not testify at trial, thus, his testimony was not "probative"; Dr. Sclaroff's testimony did not have "relevant value"; and that certain of the costs did not comport with section 492.590.[1] Calzaretta also countered with a motion for sanctions relating to the deposition costs of Dr. Sclaroff.

A hearing on all post-trial motions was held on June 17, 2011, at which time the trial court took the aforementioned matters under advisement. On August 1, 2011, the trial court entered its order denying Calzaretta's motion for new trial because "the evidence offered by [Calzaretta, relating to Ms. Holmes,] is not material," and, accordingly, "it was proper to refuse [Calzaretta's] request to reopen the case after the close of [Calzaretta's] evidence." The trial court further found "the evidence offered by [Calzaretta] would have been cumulative to evidence previously admitted[ ]" and that Calzaretta "was not entitled to a mistrial because [she] has failed to convince the [trial court] she was prejudiced when the [trial court] denied her request to reopen the case and offer further evidence." Further, the trial court denied Calzaretta's motion for sanctions relating to the deposition costs of Dr. Sclaroff and denied Willard's motion to compel

payment of the costs of the deposition and other fees.

The trial court's final judgment was thereafter entered in which it found in favor of Willard and against Calzaretta on Calzaretta's claim for damages. Appeals from both parties followed.

### Calzaretta's Appeal (SD31499)

The issues presented for our determination from Calzaretta are:

1. Did the trial court err and abuse its discretion in denying her request to reopen evidence when it was alleged that Willard's credibility as a party to the lawsuit was critical to the issue of causation?

2. Did the trial court err and abuse its discretion in excluding evidence relating to the injury of Ms. Holmes on the basis that it was cumulative of other evidence?

### *Point I: Denial of Calzaretta's Request to Reopen the Evidence*

#### Standard of Review

"We give great deference to the trial court's evidentiary rulings and will not overturn such decisions absent an abuse of discretion." *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 328 (Mo.App. W.D.2000). As such, the trial court has wide discretion to reopen a case for the admission of additional evidence. *Id.* "We will not reverse a judgment based upon the exclusion of evidence unless an appellant shows us the evidence would have materially affected the merits of his or her cause of action." *Id.*

#### Analysis

A thorough review of the record reveals that neither an oral nor a written

---

1. All statutory reference are to RSMo 2000.

motion to reopen the evidence was ever made or filed by Calzaretta's counsel so that Calzaretta has failed to preserve her issue for this Court's review. At the discussion in chambers relating to the issue that arose with Ms. Holmes, Calzaretta's counsel clearly and specifically moved "for a mistrial." There was no mention of a request to reopen the evidence at that time or at any other time during or after trial. Further, once the matter was back before the jury, the trial court gave Calzaretta's counsel the chance to present rebuttal evidence, by presumably calling Willard to testify about the situation with Ms. Holmes, but counsel for Calzaretta specifically declined that opportunity. Counsel for Calzaretta candidly admits it was his responsibility to assure such a motion appeared on the record. " '[A]ppellate courts are merely courts of review for trial court errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court.' " *Roberson v. Weston*, 255 S.W.3d 15, 19 (Mo.App. S.D.2008) (quoting *Robbins v. Robbins*, 328 S.W.2d 552, 555 (Mo. banc 1959)) (internal quotation and citation omitted). Calzaretta cannot now challenge the trial court's ruling on a motion to reopen the evidence when no motion was ever presented to the trial court. Ordinarily, failure to preserve an issue at the trial court waives the issue, and it is not reviewable on appeal. *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo. banc 1993). We recognize and salute Calzaretta's counsel for his acknowledgement of the failure to include this motion in the record, but we simply cannot convict the trial court of error in the absence of such a motion in the record before us.[2] Point I is denied.

### Point II: Error in the Exclusion of Cumulative Evidence

█ Calzaretta's second point alleges the trial court erred and abused its discretion in excluding evidence of another patient's injury on the basis that it was cumulative. Calzaretta's point is:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING EVIDENCE OF ANOTHER PATIENT'S INJURY ON THE BASIS THAT IT WAS CUMULATIVE BECAUSE THE OTHER PATIENT'S INJURY HAD NEVER BEEN DISCLOSED TO THE JURY IN THAT SUCH EVIDENCE GOES TO THE ROOT OF THE MATTER IN CONTROVERSY, NAMELY, THE JURY'S ASSESSMENT OF DR. WILLARD'S CREDIBILITY REGARDING LOSING CONTROL OF HIS DENTAL DRILL RESULTING IN INJURY TO A PATIENT.

At first blush, this point appears to be challenging an oral ruling made by the trial court relating to an objection to proffered evidence. That is not the case here. Calzaretta is actually challenging a determination the trial court made in its written order denying Calzaretta's motion for new trial. Calzaretta does not allege in her stated point, or even in her supporting argument, that the trial court erred in denying her motion for new trial.[3] She focuses her argument on her assertion that

---

**2.** Counsel argues that the motion was made by pointing to the arguments on the post-trial motions and the trial court's order making reference to the motion to reopen evidence. Unfortunately, this still does not present an adequate record for our review.

**3.** We are mindful that the "[d]enial of a motion for new trial is not an appealable order; appeal must be taken from the judgment to which the motion was directed." *Yaeger v. Olympic Marine Co.,* 983 S.W.2d 173, 185 (Mo.App. E.D.1998); *see also Southard v. Southard,* 239 S.W.3d 172, 174 (Mo.App. E.D. 2007).

"the trial court's ruling ... is erroneous, must be reversed and the case remanded for a new trial." We will address this point as best we understand it, coupled with Calzaretta's argument.

### Standard of Review

We review the trial court's admission or exclusion of evidence under a deferential standard of review for abuse of discretion. *Ziolkowski v. Heartland Regional Medical Center*, 317 S.W.3d 212, 216 (Mo.App. W.D.2010). An abuse of discretion occurs when a trial court's ruling "is clearly against the logic of the circumstances before the court at the time and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration." *Gallagher v. DaimlerChrysler Corp.*, 238 S.W.3d 157, 162 (Mo.App. E.D.2007). Only if there is a substantial or glaring injustice will we disturb a trial court's ruling. *Burrows*, 218 S.W.3d at 533.

### Analysis

The immediate problem this Court faces in considering this point, is that we do not know what the evidence would have been had it not been excluded as asserted by Calzaretta. As we explained in our analysis of Calzaretta's first point, the only motion actually appearing of record is Calzaretta's motion for mistrial. No other motion was made on the record which supports Calzaretta's point that certain evidence was excluded. No motion to reopen the evidence, or an offer of proof as a part of that motion, was made by Calzaretta.

Here, Calzaretta failed to make an offer of proof regarding the evidence she claims the trial court erroneously excluded. When a party fails to make an offer of proof, nothing is preserved for appeal. *Eckert v. Thole*, 857 S.W.2d 543, 546 (Mo.App. E.D.1993). "Without an offer of proof, made on the record at trial, [this Court] cannot convict the trial court of error in failing to admit evidence...." *Id.*

An offer of proof must specifically show: (1) what the proffered evidence would be; (2) its object and purpose; and (3) all the facts necessary to establish its relevance and admissibility. *Karashin v. Haggard Hauling & Rigging, Inc.* 653 S.W.2d 203, 205 (Mo. banc 1983). "In order to present and preserve an offer of proof[,] the questions must be propounded to a witness who is present and has taken the stand. This enables the trial court to rule upon the propriety and admissibility of the evidence, and preserves a record for appellate review." *Id.*

Calzaretta argues that a specific offer of proof was not required when a party seeks to put on evidence through cross-examination. Calzaretta relies upon *State v. Williams*, 724 S.W.2d 652, 656 (Mo.App. E.D.1987), in support of this proposition. However, our Supreme Court has held:

Generally, appellate courts will not review excluded evidence without a specific and definite offer of proof. *Karashin* [, 653 S.W.2d at 203]. [This Court] carved out an exception to this rule in *State ex rel. State Highway Commission v. Northeast Building Co.*, 421 S.W.2d 297 (Mo.1967). In *Northeast* [, this Court] recognized the purpose of an offer of proof is to insure the trial court and opposing counsel understand the proposed evidence. Additionally, an offer of proof enables appellate courts to understand claims of error. In *Northeast* an offer of proof was not needed because everybody at trial knew what the testimony would be. Because the objection was based on a category of evidence and could be adequately re-

viewed, [this Court] created an exception to the rule requiring offers of proof. This exception is very narrow. First, it requires a complete understanding, based on the record, of the excluded testimony. Second, the objection must be to a category of evidence rather than to specific testimony. Third, the record must reveal the evidence would have helped its proponent.

*Frank v. Environmental Sanitation Mgmt., Inc.*, 687 S.W.2d 876, 884–85 (Mo. banc 1985). Moreover, *Williams* does not help Calzaretta. In *Williams*, the record demonstrated the lack of the typical offer of proof fell within the exception carved out by *Frank*, and the *Williams'* court explained a specific offer of proof was not required because the record was replete with what the evidence was and its relevance. "[W]here relevance is clear, the offers of proof are not generally required when the party seeks evidence through cross-examination." *Williams*, 724 S.W.2d at 656.

Based upon the record before us, we know that Calzaretta's request was only for that of a mistrial for Willard's failure to disclose what Calzaretta characterized as relevant evidence. However, we are left to speculate as to precisely what evidence Calzaretta would have proposed, the manner in which it would have been submitted to the jury, its specificity, definiteness, and relevance. In the absence of a specific request on the record before us, we cannot convict the trial court of error when the record does not demonstrate what was requested of it and the trial court's ruling. The trial court did not err and abuse its discretion in excluding evidence relating to the injury of Ms. Holmes on the basis that it was cumulative of other evidence, because the alleged error was not preserved.

Calzaretta's second point lacks merit. Point II is denied.

### Willard's Cross–Appeal (SD31516)

Among the post-trial motions filed by both parties, Willard filed an "Amended Bill of Costs" relating to the costs incurred by Willard in relation to Calzaretta's deposition of Dr. Sclaroff, as well as a request for Calzaretta to pay said costs. The record reveals that when Dr. Sclaroff was designated as Willard's expert—a little more than a month prior to trial—Calzaretta objected and moved to strike him from Willard's witness list. The request to strike was denied by the trial court, but the trial court offered Calzaretta a continuance of the jury trial in order to allow Calzaretta time to depose Dr. Sclaroff. This offer was declined by Calzaretta and Calzaretta deposed Dr. Sclaroff on March 27, 2011, in St. Louis, Missouri, nine days before trial. Ultimately, Dr. Sclaroff, who was present at trial, was not called to testify by Willard.

Following trial, Willard requested Calzaretta pay Dr. Sclaroff's invoice in the amount of $2,400, for four hours of his time at $600 per hour. Willard asserted that Calzaretta, as the party requesting to take the deposition, was required to pay the fees associated with such a deposition unless manifest injustice would result. Calzaretta then filed a motion to review the bill of costs on the basis that Dr. Sclaroff did not testify at trial, thus, his deposition testimony was not "probative" nor did it have "relevant value." Calzaretta also argued that certain of the costs appearing on the invoice did not comport with section 492.590. Calzaretta further argued in her "Motion for Sanctions Related to the Deposition of Defense Expert [Dr. Sclaroff]" that the late designation of Dr. Sclaroff as a witness, coupled with his

limited availability for depositions,[4] made it difficult for Calzaretta to prepare her case.

Thereafter, in its order relating to all post-trial motions, the trial court denied Calzaretta's motion for sanctions relating to the deposition costs of Dr. Sclaroff and denied Willard's motion to compel payment of the costs of the deposition and other fees. The trial court's final judgment was then entered in which it found in favor of Willard and against Calzaretta on Calzaretta's claim for damages.

The sole issue presented for our determination in Willard's cross-appeal is did the trial court err in denying Willard's motion for payment of the deposition fee of Dr. Sclaroff in light of the requirement under Rule 56.01(b)(4)(b) that the party seeking a deposition is responsible for the costs associated therewith.[5]

### Standard of Review

■ "We review the trial court's administration of the rules of discovery for an abuse of discretion." *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 44–45 (Mo.App. S.D.2008). A trial court only abuses its discretion when its ruling is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Mello v. Giliberto*, 73 S.W.3d 669, 673–74 (Mo.App. E.D.2002) (internal quotation and citation omitted).

### Analysis

Rule 56.01(b)(4)(b) states:

(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held

by experts, otherwise discoverable under the provisions of Rule 56.01(b)(1) and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

. . . .

(b) A party may discover by deposition the facts and opinions to which the expert is expected to testify. *Unless manifest injustice would result, the court shall require that the party seeking discovery from an expert pay the expert a reasonable hourly fee for the time such expert is deposed.*

(Emphasis added).

■ Here, the trial court's denial of Willard's request for the payment of the deposition costs of Dr. Sclaroff was not an abuse of discretion. While Willard asserts there is somehow error in the trial court's failure to make a specific finding that there was manifest injustice in this case, he fails to cite this Court to any case law backing up this supposed requirement. *See Steltenpohl v. Steltenpohl*, 256 S.W.3d 597, 599 (Mo.App. W.D.2008) (holding that "An appellant has an obligation to cite appropriate and available precedent if [he] expects to prevail, and, if no authority is available to cite, [he] should explain the reason for the absence of citations."). Additionally, the record is clear that Willard endorsed Dr. Sclaroff approximately a month before trial in a case that had been ongoing since 2005, and that the deposition of Dr. Sclaroff was unable to be completed until a mere nine days prior to trial due to Dr. Sclaroff's unavailability. Further, both counsel for Calzaretta and Calzaretta's expert, Dr. Heard, had to trek to St. Louis for the deposition a week prior to

---

**4.** Willard had advised Calzaretta that Dr. Sclaroff would only be available for deposition on March 8, 10, 27 and 29, 2011.

**5.** While the trial court denied Willard's request for costs and fees, Willard is specifically

appealing the denial of his motion "with respect to fees only and requests that the [trial court] enforce Calzaretta's responsibility to pay the deposition fee of defense expert witness [Dr. Sclaroff]."

trial, at a cost of over $3,500, and Calzaretta incurred the additional expense of having to pay for the deposition transcript at a cost of nearly $1,000. Also, Willard's hardship argument for endorsing Dr. Sclaroff at such a late date was due to the sudden unavailability of his previously disclosed expert witness, Dr. Remy Blancheart. Despite this fact, at trial Willard chose not to call Dr. Sclaroff, who was present, and instead elected to play the videotaped deposition testimony of Dr. Blancheart. While the trial court did not specifically find that manifest injustice occurred such that Calzaretta should not be compelled to pay for Dr. Sclaroff's deposition fee, it is apparent that is what the trial court concluded and we cannot convict the trial court of abusing its discretion in this matter. The record does not demonstrate its ruling is against the logic of the circumstances and is so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of care consideration. Willard's point is denied.

The judgment of the trial court is affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., Concur.