WILLIAM W. FRANCIS, JR., C.J./P.J.
-OPINION AUTHOR
Terrell Eugene Prine (“Prine”),[1] appeals his conviction of the class A felony of first-degree robbery, pursuant to section 569.020; and the unclassified felony of armed criminal action, pursuant to section 571.015.[2] We affirm the judgment of the trial court.
Facts and Procedural Background
Prine does not challenge the sufficiency of the evidence to support his conviction. This Court views the evidence in the light most favorable to the verdict. State v. Perry, 275 S.W.3d 237, 242 (Mo. banc 2009). We accept as true all facts and inferences favorable to the verdict, and we disregard evidence and inferences to the contrary. State v. Oliver, 293 S.W.3d 437, 444 (Mo. banc 2009). In light of these principles, the following evidence was adduced at trial.
On the evening of January 14, 2012, Prine, intoxicated, had his girlfriend drive him to the home of Bradley Clark (“Clark”) to collect fifteen dollars that *878 Clark owed Prine. When Clark refused to pay Prine because Clark only had a fifty dollar bill, Prine became angry and told Clark he was going out to his girlfriend’s car to retrieve his gun. Prine returned to Clark’s home with his gun (wearing gloves), kicked in the front door, took two steps inside, and fired the gun. Prine took the fifty dollars from Clark, then threatened to kill a second man in the house, Gary Mitchell (“Mitchell”), unless Mitchell gave Prine his money. Prine left Clark’s house in his girlfriend’s car after taking about two hundred dollars from Mitchell, but was later apprehended and arrested.[3]
Police found a bullet hole in Clark’s home during a search, found a glove worn by Prine at the time of the shooting, retrieved the gun fired by Prine, as well as the shell casing from the bullet Prine fired.
On April 24, 2012, a special prosecutor was appointed for the State due to a conflict of interest within the office of the Jasper County Prosecuting Attorney.
A jury trial was held on June 18, 2013. At the close of all the evidence, an instruction conference was held in which Prine’s counsel offered Instruction 5A,[4] a lesser-included-offense instruction for second-degree robbery. When the trial court offered counsel for Prine an opportunity to make a record regarding the instruction, the following transpired:
[PRINE’S ATTORNEY]: Yes, Judge. I believe there’s evidence of intoxication of Mr. Clark, and I believe Mr. Mitchell. Both testified that Mr. Prine was not himself, that he was intoxicated, under the influence. I would ask that the Court offer Instruction — I have marked it as 5A, Judge, you’re marking it as A, is that right[?]
BY THE COURT: Yes. [STATE], any record you wish to make[?]
[STATE]: Yes. Your Honor, the only difference between what the defense is submitting in its proposed # A and robbery first that is in Instruction No. 5, which is properly given by the Court, they’re attempting to negate, as I understand, the elements of — the intent element of the crime on purpose, that he was intoxicated therefore purposely did this.
If you recall the testimony[,] the defense is I just didn’t do it. Period. In other words, he didn’t do the robbery, number one. So the only difference between robbery first and robbery second is paragraph four in the two instructions. Robbery first requires the additional element of using — the MAI would *879 say you can charge it by doing deadly weapon or dangerous instrument in the commission of the crime.
The specific intent for both of those is purposely, Judge, so I don’t think you go down to a second-degree robbery and eliminate the use of a weapon in the commission of a crime just because you’re drunk. Plus the defendant is saying I just didn’t do this anyway. I don’t know how you get — it seems like a contradictory argument. If you believe I did it then negate the elements of robbery by — down to second-degree robbery, forget about the gun, and let me off with a second-degree because I was drunk. It’s the same standard for both.
BY THE COURT: I agree. As I indicated in chambers, there is, I don’t think, any evidence at all in the case, much less substantial evidence to support the giving of a second degree robbery instruction. I don’t believe anybody gives a version that he was there and robbed Brad Clark but did so without the use of a gun or a dangerous instrument. And so for all of those reasons I am refusing the proffered instruction, which I have marked as # A, 323.04, and that is the only instruction— that’s the only instruction offered by the defense.
The jury found Prine guilty of robbery in the first degree and armed criminal action. The jury recommended Prine be sentenced to ten years in the Missouri Department of Corrections for the charge of robbery in the first degree, and three years in the Missouri Department of Corrections for the charge of armed criminal action. The trial court ruled the sentences would run consecutively after finding the recommendation of the jury was appropriate and within the limits of the law.
On July 15, 2013, Prine filed a “Motion for Judgment of Acquittal Notwithstanding the Verdict, or, in the Alternative, Motion for New Trial” asserting that:
The trial court clearly erred and/or abused its discretion by refusing to submit [Prinej’s jury instruction NUMBER 5A on ROBBERY IN THE SECOND DEGREE MAI-CR 3rd 323.04. Gary Mitchell and Bradley Clark testified they had known Mr. Prine all his life and had never before observed him [to] act the way he did on 14 January 2012. Clark opined Prine appeared to be under the influence of something. He stated Mr. Prine drank several alcoholic beverages in his presence. Mr. Prine admitted to drinking alcohol that evening as well. The Defense asserts Instruction Number 5A should have been an option for the jury and refusing to submit same violates Mr. Prine’s rights to Due Process, Fair Trial, a Fair and Impartial Jury under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution[.]
This appeal followed.
In his four points on appeal, Prine contends the trial court erred in: (1) refusing to instruct jurors as to Prine’s lesser-in-eluded-offense instruction for robbery in the second degree because it deprived Prine of a fair trial before a properly instructed jury in that robbery in the second degree is a lesser-included offense of the charged robbery in the first degree, and there was a basis for the jury to acquit on the offense' charged but still convict on the lesser offense; (2) in sustaining the State’s objection to Prine’s counsel questioning Mitchell about his pending criminal charges because Prine was prevented from exposing Mitchell’s potential bias and prejudice; (3) assessing court costs against *880 Prine and ordering him to pay $31,065.98 for the special prosecutor because Prine was indigent; and (4) assessing court costs against Prine in the amount of $31,027.50 for the costs of a special prosecutor because this amount was prohibited by section 56.130 and not reasonable.

Point I: Lesser-Included Instruction

Standard of Review
“This Court reviews de novo a trial court’s decision whether to give a requested jury instruction under section 556.046, RSMo Supp.2002[.]” State v. Jackson, 433 S.W.3d 390, 395 (Mo. banc 2014) (footnote omitted). A preliminary issue is preservation; to “preserve a claim of instructional error for review, counsel must make specific objections to the allegedly erroneous instruction at trial and in a motion for new trial.” State v. Steinmann, 431 S.W.3d 495, 498 (Mo.App.E.D.2014); Rule 28.03.
Analysis
After Prine filed his brief in this appeal, our Supreme Court ruled that a trial court cannot refuse a requested nested-lesser instruction “based solely on its view of what evidence a reasonable juror must believe or what inferences a reasonable juror must draw.” Jackson, 433 S.W.3d at 392.[5] Thereafter, we allowed Prine to amend his brief to also seek reversal based upon Jackson and its companion case, State v. Pierce, 433 S.W.3d 424 (Mo. banc 2014).
Jackson held that “in a criminal case, the trial court cannot refuse a defendant’s request for ... [a] ‘nested’ lesser offense instruction based solely on its view of what evidence a reasonable juror must believe or what inferences a reasonable juror must draw.” 433 S.W.3d at 392 (our emphasis). This requirement was reiterated in Jackson, then again in Pierce.
If the defendant requests that the jury be instructed on a lesser included offense consisting of all but one of the elements required for the greater offense, is the trial court allowed to refuse to give that instruction solely because it determines that no reasonable juror could refuse to find that the differential element had been proved beyond a reasonable doubt? The answer is no.
Id. at 402 (our emphasis).
As in Jackson, therefore, the Court holds that where the defendant requests the trial court to instruct the jury on a ‘nested’ lesser offense, the trial court cannot refuse to give that instruction solely because the court concludes that the evidence is so overwhelming that all reasonable jurors must find the differential element proved beyond a reasonable doubt. .
Pierce, 433 S.W.3d at 433 (our emphasis).
Prine sought a second-degree robbery instruction, but his sole basis was a claim that he was intoxicated at the time of the offense. The trial court correctly agreed with the prosecutor’s argument *881 against that theory (ie., “forget about the gun, and let me off with a second-degree because I was drunk[,]” to quote the instruction conference record). “Missouri has defined all of its criminal offenses so as to render voluntary intoxication legally irrelevant.” State v. Fanning, 939 S.W.2d 941, 947 (Mo.App.W.D.1997). The trial court opined further that the evidence did not support the request and “for all of those reasons” rejected the proffered instruction.
Prine cited a single, specific, legally insufficient basis for his instruction request, which the trial court correctly rejected. Fanning, 939 S.W.2d at 947. That the trial court volunteered further observations, now flawed in hindsight after Jackson and Pierce, does not render wrong its ruling on Prine’s stated request; nor, did the trial court “refuse to give that instruction solely because the court conclude[d] that the evidence [was] so overwhelming that all reasonable jurors must find the differential element proved beyond a reasonable doubt.” Pierce, 433 S.W.3d at 433 (our emphasis). On the record before us, the trial court did not err in denying Prine’s instruction request.
Even were it preserved, therefore, this point would fail. However, Prine cannot even “assign as error the ... failure to give instructions ... unless [he] objected] thereto ... stating distinctly the matter objected to and the grounds of the objection .... The objections must also be raised in the motion for new trial....” Rule 28.03.[6] See Steinmann, 431 S.W.3d at 498; State v. Oudin, 403 S.W.3d 693, 696 (Mo.App.W.D.2013).
Prine’s sole basis for requesting a second-degree robbery instruction, and his sole theory of instructional error in his new trial motion, was intoxication. For that matter, neither Point I nor its theory of error was included in Prine’s original brief in this Court.
Point I facially violates Rule 28.03 by assigning a different theory of error on appeal. Prine cannot broaden or change his theory of error on appeal, and we will not “convict the trial court of error on issues that were not presented below and raised for the first time here.” State v. Lane, 415 S.W.3d 740, 750 (Mo.App.S.D.2013). As repeatedly stated by our appellate courts:
‘Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.’
State v. Davis, 348 S.W.3d 768, 770 (Mo. banc 2011) (quoting State v. Thomas, 969 S.W.2d 354, 355 (Mo.App.W.D.1998), and State ex rel. Selby v. Day, 929 S.W.2d 286, 288 (Mo.App. S.D.1996)).[7]
*882 Prine has asserted in this Court that his “counsel had no way of knowing that the Missouri Supreme Court would change the rules as to when a trial court is required to give a lesser-included instruction.” We consider ourselves bound by our supreme court’s view otherwise — that Jackson reiterates what our supreme court has held in cases dating back to State v. Santillan, 948 S.W.2d 574 (Mo. banc 1997), followed by State v. Pond, 131 S.W.3d 792, 793 (Mo. banc 2004), and again in State v. Williams, 313 S.W.3d 656 (Mo. banc 2010). See Jackson, 433 S.W.3d at 397-99, 401-02, 409.
Point I asserts an unpreserved claim. Prine does not allege plain error and ex gratia review satisfies us that none occurred.[8] Point I fails.

Point II: Cross-Examination Regarding Pending Charges

Prine contends in his second point that the trial court erred in sustaining the State’s objection in cross-examination of Mitchell concerning pending charges, and he was thus prejudiced. Prine concedes the general rule that the subject of pending charges against a witness is not admissible.
Generally, to preserve the issue for appeal, the proponent of evidence excluded by the trial court must make an offer of proof. State v. Woods, 357 S.W.3d 249, 253 (Mo.App.W.D.2012). An offer of proof is made after an unfavorable ruling, Sturma v. Sturma, 674 S.W.2d 626, 627 (Mo.App.E.D.1984), and “must specifically show: (1) what the proffered evidence would be; (2) its object and purpose; and (3) all the facts necessary to establish its relevance and admissibility.” Calzaretta v. Willard, 391 S.W.3d 488, 493 (Mo.App.S.D.2013).
Having reviewed the record, we see no offer of proof on this issue[9] meeting the requirements set out in Calzaretta.[10] Notably, we find Prine did not offer testimony regarding what the pending charges might have been. Further, the complained-of error was not contained in a motion for new trial. As a result, this issue is not preserved for our review.
Nevertheless, Rule 30.20 permits this Court, in its discretion, to grant plain error review if the requirements of a two-step analysis are satisfied. First we determine whether the complained-of error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred. State v. Mayes, 281 S.W.3d 918, 921 (MoApp.S.D. *883 2009). Only if the first step is satisfied do we then move to the second step to determine whether manifest injustice or miscarriage of justice actually occurred. Id.
We find no facially substantial grounds to believe that manifest injustice or a miscarriage of justice has occurred, and therefore decline to review for plain error. Point II is denied.

Points III and IV: Court Costs

In his third and fourth points, Prine argues that the trial court plainly erred in assessing court costs against Prine because the trial court found Prine to be indigent. Prine concedes on appeal that this issue was not preserved, and that we therefore may only review for plain error.
Finding no substantial facial grounds to believe that manifest injustice or a miscarriage of justice has occurred, we decline to review for plain error.[11] Points III and IV are denied.
The judgment of the trial court is affirmed.
JEFFREY W. BATES, J. — CONCURS
DANIEL E. SCOTT, J. — CONCURS AND FILES SEPARATE CONCURRING OPINION

. In the record, Prine is sometimes referred to as "Bud.”

. All references to statutes are to RSMo 2000, unless otherwise indicated.

. Clark was a long-time family friend and had known Prine since he was a baby. Mitchell and Prine were cousins; Mitchell was also related to Clark.

. INSTRUCTION NO. [5]A
As to Count I, if you do not find the defendant guilty of robbery in the first degree, you must consider whether he is guilty of robbery in the second degree.
As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about the 14th day of January, 2012, in the County of Jasper, State of Missouri, the defendant took $50.00 in cash from Brad Clark, which was property owned by Brad Clark, and
Second, that defendant did so for the purpose of withholding it from the owner permanently, and
Third, that defendant in doing so threated [sic] the immediate use of physical force on or against Brad Clark for the purpose of preventing resistance to taking of the property, then you will find the defendant guilty under Count I of robbery in the second degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

. Second-degree robbery is a "nested” lesser-included offense of first-degree robbery because
second-degree robbery requires the state to prove beyond a reasonable doubt that the defendant took the victim’s property by force. First-degree robbery requires proof of those same elements and proof beyond a reasonable doubt of the differential element that the victim reasonably believed the defendant was using or threatening to use a weapon. By definition, therefore, if the evidence in a specific case is sufficient to allow a reasonable juror to find the defendant guilty of robbery first, that evidence also must be sufficient to allow a reasonable juror to find the defendant guilty of robbery second.
Jackson, 433 S.W.3d at 404 (emphasis in original).

. All rule references are to Missouri Court Rules (2014).

. A civil case, Kline v. City of Kansas City, 334 S.W.3d 632, 647 (Mo.App.W.D.2011), summarizes these principles well:
A point on appeal must be based upon the theory voiced in the objection at trial and an appellant cannot expand or change on appeal the objection as made. A point on appeal may not enlarge or change the objection made at trial. When the point on appeal contends that an instruction is erroneous on a different ground than was asserted in the objection made at trial, we may not review that error on appeal [except for plain error].
*882 Id. at 647 (internal citations and quotation marks omitted).

.Instructional error is not plain error unless the trial court so. misdirected or failed to instruct jurors as to cause manifest injustice or a miscarriage of justice. State v. Ousley, 419 S.W.3d 65, 75 (Mo. banc 2013). Our review of the whole record, the correctness of the instructions this jury did receive, the jury’s two findings that Prine used a gun, and our presumption that the jury followed its instructions, all combine to seriously undermine any suggestion (although none has been made) of jury misdirection or manifest injustice.

. "If an offer of proof consists of evidence which is admissible in part and inadmissible in part, the trial court is justified in rejecting the entire offer.” State v. Broussard, 57 S.W.3d 902, 911 (Mo.App.S.D.2001).

. While we note that defense counsel attempted several times (unsuccessfully) to elicit testimony about this evidence after the trial court sustained an objection to its admission (thereby drawing a formal admonishment from the trial court), the corresponding open court colloquies and bench conference discussions in the transcript aré insufficient to preserve this issue for our consideration.

. The State argues that a "Bill of Costs” assessing the special prosecutor’s fee against the state of Missouri was submitted to the Missouri Department of Corrections by the Jasper County prosecutor and the trial court, thereby rendering this issue moot. The State suggests that this Bill of Costs is contained in "Appendix A” in the record on appeal. However, it appears that such Bill of Costs was not included in Appendix A or elsewhere in the record on appeal; therefore, we may not consider it.