

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102487 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Montgomery County |
| vs. | ) | |
| | ) | Honorable Wesley C. Dalton |
| JERRY LEE COLE, | ) | |
| | ) | |
| Appellant. | ) | Filed: March 15, 2016 |

### Introduction

Jerry Cole (Appellant) appeals the judgment of the Circuit Court of Montgomery County, entered after a jury trial, finding him guilty for one count of possession of a controlled substance with the intent to distribute and one count of possession of drug paraphernalia. On appeal, Appellant argues the trial court erred by allowing a police officer to testify about incriminating hearsay statements made by an informant to police. We affirm.

### Factual Background

In August 2013, law enforcement received a tip from an informant that Appellant was selling drugs from his home. Sergeant Michael Cheek, with the East Central Drug Task Force, applied for a warrant to search Mr. Cole's home. The warrant was executed in the middle of the night.

Officers found eight individually packaged bags of marijuana, each containing approximately 1/4 ounce of marijuana. They also found another single plastic bag containing approximately 1/8 ounce of marijuana. Officers found the marijuana and paraphernalia in a dresser in Appellant's bedroom. Officers also found empty plastic bags and a digital scale. One of the empty bags contained marijuana residue. No items for smoking or ingesting marijuana were found in the house.

Sergeant Cheek spoke with Appellant at his home during the search. After Sergeant Cheek informed him of his *Miranda* rights, Appellant stated that he was unemployed and had been selling marijuana for about a year. Sergeant Cheek took Appellant back to the police station for an interview. When questioned about whether he had been selling marijuana, Appellant responded that he had already told Sergeant Cheek everything.

At Appellant's trial, the State called Sergeant Cheek to testify. During the direct examination of Sergeant Cheek, the following exchange took place:

| | |
|---|---|
| [Prosecutor]: | . . . Did law enforcement receive some information regarding Jerry Cole? |
| [Sergeant Cheek]: | Uh, they did. |
| [Prosecutor]: | Do you know what information was received? |
| [Sergeant Cheek]: | Uh, local law enforcement received information that Mr. Cole was receiving one to ten pounds of marijuana per week. Additionally, the subject providing information advised that− |
| [Defense Counsel]: | Objection, your Honor. Can we approach? |
| [The court]: | You may. |
| [Defense Counsel]: | Your Honor, I'm going to object to any further testimony, what the informant told Officer Cheek, other than the fact that they got information that drugs were being sold in the residence. It's a confidential informant situation that we're looking at so I believe we're coming up to hearsay and confrontation clause issues and the |

2

|                      | State should be prohibited from introducing this evidence themselves. |
|----------------------|---------------------|
| [Prosecutor]:        | I'm not offering it for the truth, your Honor. |
| [The court]:         | I think this is the basis of what he did so at this point I'm going to overrule your objection. |
| [Defense Counsel]:   | OK. |
| [The court]:         | You may proceed. |
| [Prosecutor]:        | Do you recall where you left off? I'm sorry. |
| [Sergeant Cheek]:    | One to two pounds. It was also−The same subject provided information that Mr. Cole kept the proceeds from his narcotic sales in his wallet. The same subject also provided a photograph of marijuana that was vacuum sealed. |
| [Prosecutor]:        | And in that photograph where did it appear the marijuana was located within the home? |
| [Sergeant Cheek]:    | Uh, in Mr. Cole's bedroom in a drawer. That was also in the statement provided by the subject. |

The State later referenced the informant's statements in its closing argument:

|               |                     |
|---------------|---------------------|
| [Prosecutor]: | [Sergeant Cheek] absolutely corroborated the information they had . . . The information was that Mr. Cole was getting a shipment of marijuana about once a week and he kept it in his top dresser drawer. And Sergeant Cheek got a search warrant and went in the house and found marijuana in the top dresser drawer. There is no better corroboration than that. It's exactly where they were told, it's exactly what they found. |

The jury found Appellant guilty of possession of a controlled substance with the intent to distribute, and possession of drug paraphernalia. The trial court sentenced Appellant to twenty years in the Department of Corrections for possession of a controlled substance with the intent to distribute, and a concurrent sentence of six months in the county jail for possession of drug paraphernalia. This appeal follows.

3

**Standard of Review**

The trial court has broad discretion in determining whether to admit or exclude evidence at trial. *State v. Forrest,* 183 S.W.3d 218, 223 (Mo. banc 2006). An abuse of discretion is found when the decision to admit or exclude evidence is clearly against the logic of the circumstances and is so unreasonable and arbitrary as to indicate a lack of careful consideration. *State v. Barriner,* 210 S.W.3d 285, 296 (Mo. App. W.D. 2006). Upon finding an abuse of discretion, a reviewing court will only reverse if the prejudice resulting from improper admission of evidence is outcome-determinative.

Prejudice is outcome-determinative when, considered with and balanced against all of the evidence properly admitted, "there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence." *State v. Douglas*, 131 S.W.3d 818, 826 (Mo. App. W.D. 2004). That there is overwhelming evidence of a defendant's guilt does not automatically end our inquiry into whether prejudice was outcome-determinative. *State v. Barriner,* 34 S.W.3d 139, 154 (Mo. banc 2000). Instead, "the question is whether the evidence had an effect on the jury's deliberations to the point that it contributed to the result reached." *Id.*

**Discussion**

On appeal, Appellant's sole point of error is that the trial court abused its discretion by allowing Sergeant Cheek to testify regarding the informant's hearsay statements to police.

*Hearsay Determination*

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Although generally inadmissible, hearsay is admissible if it falls within a recognized exception. *State v. Howard*, 913 S.W.2d 68, 70 (Mo. App. E.D. 1995). Furthermore, an out-of-court statement that is not offered for the truth of the matter asserted is not hearsay and is admissible

4

even though it does not fall within a recognized exception. *State v. Douglas*, 131 S.W.3d 818 (Mo. App. W.D. 2004). If a statement is not offered to prove the truth of the matter asserted, then the defendant's constitutional right to confront the witness against him is not implicated. *State v. Taylor,* 373 S.W.3d 513, 520-21 (Mo. App. E.D. 2012).

Out-of-court statements that are necessary to explain subsequent police conduct are admissible in order to provide "background and continuity" to an Officer's explanation of events. *State v. Garrett*, 139 S.W.3d 577 (Mo. App. S.D. 2004) (citing *State v. Dunn,* 817 S.W.2d 241, 243 (Mo. banc 1991)). However, this exception to the hearsay rule is susceptible to abuse. *Id.* If an officer is permitted to narrate the details of an investigation in a way that unnecessarily puts incriminating information about the defendant before the jury, the testimony violates the defendant's right to confrontation. *State v. Boykins,* 477 S.W.3d 109, 112 (Mo. App. E.D. 2015).

Appellant contends that the informant's out-of-court statements to police constituted inadmissible hearsay. Appellant argues that Sergeant Cheek's testimony regarding the informant's statements went beyond what was necessary to explain subsequent police conduct and, therefore, violated his rights under the Confrontation Clause. The State argues that the informant's statements were relevant to show the basis for Sergeant Cheek's application for a search warrant.

We agree with Appellant that Sergeant Cheek's testimony exceeded the scope necessary to provide background and continuity for his investigation. Sergeant Cheek could have provided appropriate context without divulging the informant's incriminating statements to the jury. As our courts have held, it would have been "more than sufficient" for Sergeant Cheek to testify that the police applied for a search warrant "upon information received" from an informant. *State v. Garrett,* 139 S.W.3d 577, 582 (Mo. App. S.D. 2004); *State v. Shigemura,* 680 S.W.2d 256, 257-

5

58 (Mo. App. E.D. 1984) (testifying officer who revealed incriminating details of an informant's tip could have explained why he was at the scene of the crime "without, in effect, having testimony of an absent and unknown witness"). Furthermore, no limiting instruction was given to the jury, and there was nothing to prevent the jury from considering the informant's statements for their truth. *See State v. Robinson,* 111 S.W.3d 510, 514 (Mo. App. S.D. 2003). Therefore, the testimony regarding the informant's statements was inadmissible hearsay and violated Appellant's rights under the Confrontation Clause.

Accordingly, we hold that the trial court erred when it overruled Appellant's objection to the hearsay testimony. However, this finding does not end our inquiry, and we must next determine whether the error resulted in outcome-determinative prejudice to Appellant.

*Prejudice Determination*

Appellant asserts that Confrontation Clause violations are presumed prejudicial. In response, the State argues there was overwhelming evidence of Appellant's guilt, and therefore the hearsay testimony was merely cumulative and did not prejudice Appellant's case.

While Appellant is correct that a Confrontation Clause violation raises the presumption of prejudice, we are not required to reverse if we determine the error was harmless beyond a reasonable doubt. *State v. Justus,* 205 S.W.3d 872, 881 (Mo. banc 2006).

In support of its argument that Appellant was not prejudiced due to the overwhelming evidence of his guilt, the State notes that: Appellant admitted to police that he had been selling marijuana for the past year; police found marijuana and paraphernalia for its distribution in a dresser in Appellant's bedroom; police did not find any paraphernalia in the home to ingest or smoke marijuana; and testimony at trial demonstrated that the manner in which the marijuana was packaged was consistent with the distribution of marijuana and not for individual use.

We agree with the State that the prejudice stemming from the hearsay violation was not outcome-determinative. This is not a case where the evidence of guilt was weak, or where the State relied on hearsay testimony to prove a critical component of its case. *See Shigemura,* 680 S.W.2d 256 at 257 (Mo. App. E.D. 1984)(evidence of guilt, without introduction of informant's hearsay statements, was weak); *State v. Kirkland,* 471 S.W.2d 191, 193 (Mo. 1971)(the only testimony at trial identifying defendant as the culprit was hearsay). The Appellant admitted to police that he was selling marijuana. The State provided ample evidence, aside from the hearsay testimony, for each of the elements it was required to prove. The hearsay testimony was merely cumulative. The evidence of Appellant's guilt was overwhelming. Furthermore, there is no indication the jury relied on the informant's statements as proof of guilt. *See Robinson,* 111 S.W.3d 510 at 514 (prejudice was established where, during deliberation, the jury asked the court to recount what the informant said because it demonstrated the jury may have been influenced by the hearsay statement). Accordingly, we conclude that the admission of the hearsay statements was harmless and not outcome-determinative.

### Conclusion

The trial court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

7