

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38053
)
CHARLES KENNETH MULVERHILL, ) **Filed: May 30, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Judge

## <u>AFFIRMED</u>

Charles Kenneth Mulverhill ("Defendant") appeals his convictions on four counts of statutory rape in the first degree (Counts I through IV), one count of statutory rape in the second degree (Count V), and one count of child molestation in the first degree (Count VI). In his sole point on appeal, Defendant contends that the trial court erred in allowing hearsay statements of the Victim into evidence. While the State concedes that the hearsay evidence was not admissible, it argues that such error was not prejudicial. Because the Victim testified at trial, was asked about the same matters related to the hearsay statements and was subject to cross examination, the admission of the evidence was not prejudicial to Defendant. The judgment is affirmed.

**Factual Background and Procedural History**

Victim was born in 2000, and Defendant was born in 1964. Victim met Defendant when she was nine or ten years old and living in the State of Arizona. Defendant eventually moved in with Victim and her family, which consisted of her mother, older sister, and older brother. Both Victim and Defendant denied that Defendant and Victim's mother were in a romantic relationship.

Victim did not have a relationship with her biological father, and Defendant became a father figure to her. Defendant took Victim, and no one else, to Disneyland for her eleventh birthday. They shared a bed and cuddled during that trip. Defendant touched Victim's vaginal area and whispered in her ear that he would not force her to do anything that she did not want to do. Victim rolled over and went to sleep.

Shortly after that trip, Victim's family and Defendant moved to Arkansas. While living in Arkansas, Defendant rubbed his penis on Victim's butt. Defendant also bought Victim many gifts, which he did not do for her siblings.

In the spring of 2014, when Victim was thirteen years old, Victim's family and Defendant moved to Springfield, Missouri. They initially lived in a two-bedroom motel suite. While they were at the motel, Defendant touched Victim's vagina with his hands, Victim touched Defendant's penis with her hands, and Defendant had vaginal intercourse with Victim. The first instance of intercourse occurred when Victim's mother and siblings had gone to a convenience store, leaving Defendant and Victim alone in the room. Victim said that there were probably other instances of intercourse at the motel, but that first incident was the one that she remembered most vividly. Victim's family and Defendant stayed at the motel for about two months before moving to a five-bedroom home in Willard, Missouri.

Defendant was convicted in 1990 in the State of California on two counts of lewd and lascivious acts with a minor under the age of fourteen. In March 2015, Defendant was arrested in Springfield by a United States Marshal for failing to register as a sex offender. Defendant's phone was seized during the arrest. A picture of Victim was the screen saver of the phone. Several other pictures of Victim were found on the phone, many of which were taken while Victim was asleep. Defendant and Victim also exchanged messages by email and by Facebook Messenger, some of which were suggestive in nature. In one exchange, Defendant told Victim that he was thinking about her while he masturbated. Several of the messages and emails were deleted on Defendant's phone, but were still recoverable through forensic examination. Defendant told Victim in one message to erase all the emails from her account.

Defendant was subsequently charged with four counts of statutory rape in the first degree under section 566.032[1]; one count of statutory rape in the second degree under section 566.034; and one count of child molestation in the first degree under section 566.067. Defendant's jury trial was conducted in January 2023.

On direct examination, the Victim testified that after they moved to the house in Willard and before school started in the Fall of 2014, she and the Defendant were having sex two to three times a month. Victim further testified that she and the Defendant had sex after school started in the middle of August 2014. When asked whether she remembered the last time something happened with Defendant, Victim stated, "[k]ind of. Sort of. Not exactly." Victim was asked whether she had sex with Defendant in March 2015, and responded: "I want to say yes, and I want to say no. It's just really hard to remember." Victim stated that things did continue to

---

[1] Unless otherwise noted, all statutory references are to RSMo 2000, including, as applicable, statutory changes effective June 5, 2006.

happen between her and the Defendant up until around March 2015, and that she had sex with Defendant after she turned fourteen.

During cross-examination, Victim testified again that she and the Defendant had sex in the Willard house before school began, and that they continued to have sex two to three times a month until he was arrested in March 2015. Victim stated that she could not remember the specifics, but she knew sex was happening with the Defendant until he got arrested. According to Victim, when Defendant got arrested was when "all of everything stopped."

The State subsequently called Ashley Reese as a witness. Ms. Reese conducted a forensic interview of Victim on June 19, 2015. At that time, Victim was fourteen years old. The State asked Ms. Reese about statements the Victim made to her about the last time something happened between her and Defendant, and the following exchange was had:

| State: | And what did [Victim] say about when the last time was? |
|---|---|
| Defense Counsel: | Objection. Hearsay. |
| State: | Judge, this is a prior inconsistent statement. The victim testified she did not remember the incident that happened just before the defendant's arrest. |
| Court: | I'll allow it, over the objection. You may answer. |

No other objections were raised by Defendant's counsel to the question or the testimony. After the objection was overruled, Ms. Reese testified that Victim told her something happened with Defendant five to six days before he was arrested on March 13, 2015, that it happened at night in Defendant's bedroom in the house in Willard and that Defendant had sex with her. The State referred to Ms. Reese's testimony during its closing argument.

The last witness at trial was the Defendant, who denied any sexual contact with the Victim. The last testimony received by the jury was the following exchange:

State:     How do you think this looks? You, a convicted sex offender, sending those types of e-mails to a child, living with a child, sleeping with the child, that you have no genetic ties to?

4

Defendant:    Is it wrong?
State:        No further questions, Your Honor.

After instructions and closings, the jury convicted the Defendant on all six counts. In Defendant's Motion for New Trial, the only error alleged related to Ms. Reese's testimony was that it was improper hearsay. The trial court denied Defendant's motion, and sentenced him to life in prison on Counts I through IV, and on Count VI. The Defendant was sentenced to seven years on Count V. All sentences were ordered to run consecutively.

## Standard of Review

"The trial court has broad discretion in determining whether to admit or exclude evidence at trial." ***State v. Wiggley***, 672 S.W.3d 243, 247 (Mo. App. E.D. 2023) (citing ***State v. Forrest,*** 183 S.W.3d 218, 223 (Mo. banc 2006)). "An abuse of discretion is found when the decision to admit or exclude evidence is clearly against the logic of the circumstances and is so unreasonable and arbitrary as to indicate a lack of careful consideration." ***Id.*** (citing ***State v. Barriner***, 210 S.W.3d 285, 296 (Mo. App. W.D. 2006)). Upon finding an abuse of discretion, a reviewing court will reverse only if the prejudice resulting from the improper admission of evidence is outcome-determinative. ***Id.*** (citing ***State v. Cole,*** 483 S.W.3d 470, 474 (Mo. App. E.D. 2016)). *See also* ***State v. Placke***, 290 S.W.3d 145, 153 (Mo. App. S.D. 2009). "Prejudice is outcome-determinative when, considered with and balanced against all of the evidence properly admitted, 'there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence.'" ***Wiggley***, 672 S.W.3d at 247 (quoting ***Cole***, 483 S.W.3d at 474).

## Analysis

Defendant does not contest the sufficiency of the evidence to support any of his convictions, but instead argues that the admission of the hearsay statements of Victim through

Ms. Reese was in error. The State concedes in its brief that there was an insufficient foundation at trial for the admission of Victim's hearsay statements as prior inconsistent statements. While it is undisputed that admission of the hearsay statements was error, the Court must consider whether such error was prejudicial to Defendant.

Hearsay testimony is generally disfavored by the courts because the person who makes the statement is not under oath and is not subject to cross-examination. *State v. Hamilton*, 892 S.W.2d 371, 378-79 (Mo. App. E.D. 1995). Improper admission of hearsay, however, is not a basis to reverse a conviction unless it was prejudicial to the accused. *Placke*, 290 S.W.3d at 153, *Hamilton*, 892 S.W.2d at 378-79. Prejudice will not be found from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination because the primary defects in hearsay testimony are alleviated. *State v. Jackson*, 426 S.W.3d 717, 719 (Mo. App. E.D. 2014), *State v. Steele*, 314 S.W.3d 845, 850-51 (Mo. App. W.D. 2010), *State v. McClanahan*, 202 S.W.3d 64, 68-69 (Mo. App. S.D. 2006).

In this case, Ms. Reese testified as to hearsay statements made by the Victim related to additional details concerning Victim's last sexual encounter with Defendant in March 2015. The Victim was a witness at trial, testified extensively about various sexual encounters between her and the Defendant, including in March 2015, and was subject to cross-examination. Under direct examination, the Victim testified that she could not remember exactly the last encounter she had with the Defendant before he was arrested, but that things did continue to happen between her and the Defendant up until around March 2015, and that she had sex with Defendant after she turned fourteen. On cross-examination, the Victim further testified that she and the Defendant had sex in the Willard house before school began in August 2014, and that they continued to

6

have sex two to three times a month until he was arrested in March 2015. Victim stated that she could not remember the specifics, but she knew sex was happening with the Defendant until he got arrested. According to Victim, it was not until Defendant was arrested that "all of everything stopped."

All of Victim's statements were placed before the jury, who had the opportunity to assess the testimony and demeanor of both Victim and Defendant, who also testified at trial. *See McClanahan*, 202 S.W.3d at 68-69 (holding admission of hearsay was not prejudicial to defendant as both defendant and alleged victim testified extensively at trial and the jury had the opportunity to assess their demeanor and testimony). Further, Victim's hearsay statement regarding the final encounter in March 2015 was in addition to her description of the many other improper sexual encounters between Defendant and Victim during the relevant time frame.[2] The Court finds no prejudice to the Defendant from the improper admission of the hearsay statements of Victim under these circumstances.

At trial and in his Motion for New Trial, Defendant asserted only that Ms. Reese's testimony concerning the statements of Victim were inadmissible hearsay. For the first time on appeal, Defendant also argues that the hearsay statements constitute improper bolstering. Issues of hearsay and improper bolstering are separate and distinct from each other. *See Forrest*, 183 S.W.3d at 224 (analyzing issues of hearsay and bolstering as separate claims with distinct elements). "Improper bolstering occurs when an out-of-court statement of a witness is offered solely to duplicate or corroborate trial testimony." *Id.*

---

[2] At trial, Defendant was convicted of six Counts. Only Count V, Statutory Rape in the 2nd Degree, involved conduct from March 2015. Victim's hearsay statement related only to her last sexual encounter with Defendant in March 2015. Victim's hearsay statement was thus irrelevant to the charges in Counts I through IV and Count VI, all of which concerned conduct of the Defendant that occurred earlier than March 2015. Defendant has not raised any claim of error with respect to the evidence that supports those Counts, and thus there is no basis to disturb his sentences for those convictions.

Only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal. **State v. Prine,** 456 S.W.3d 876, 881 (Mo. App. S.D. 2015). Since the issue of improper bolstering was not preserved for appellate review, it can only be reviewed for plain error, and plain error review is discretionary. "If there is no facial showing of manifest injustice or miscarriage of justice, appellate courts should decline to exercise plain error review." **State v. Moore**, 682 S.W.3d 436, 445 (Mo. App. S.D. 2024) (citing **State v. Brandolese**, 601 S.W.3d 519, 526 (Mo. banc 2020)).

Abuse of discretion (for preserved error) is a lower standard of review than plain error review. **Lawrence v. State**, 628 S.W.3d 777, 785 (Mo. App. S.D. 2021) (citing **Deck v. State**, 68 S.W.3d 418, 427 n.5 (Mo. banc 2002)). Thus, a lack of prejudice under an abuse of discretion review necessarily precludes finding prejudice under a higher standard. **Id.** at 785. Even if the Court were to assume that Victim's statement constituted improper bolstering, this Court's finding that there was no prejudice from the trial court's error under the abuse of discretion standard precludes a finding of prejudice under plain error review. As plain error review would be futile, this Court declines to exercise its discretion to review Defendant's claim of improper bolstering.

### Conclusion

For the reasons stated above, the Judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS